IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALERIE HUE, | : |
| Plaintiff, | : Civil Action No.: |
| v. | : TRIAL BY JURY OF |
| | : TWELVE DEMANDED |
| NCO FINANCIAL SYSTEMS, INC., a | : |
| Delaware corporation, trading as | : |
| NCO FINANCIAL COMMERCIAL SERVICES, | : |
| Defendant. | : |

## COMPLAINT

1. This action is brought pursuant to 42 U.S.C. §1981 of the Civil Rights Act of 1866, as amended, and Title VII of the Civil Rights Act of 1964, as amended. Jurisdiction exists by virtue of 42 U.S.C. §1981 and 42 U.S.C. §2000e-5.

2. Plaintiff resides at 13604 Spicer Road, Ellendale, Sussex County, Delaware 19941.

3. Defendant, NCO Financial Systems, Inc., is a Delaware corporation whose registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801. The registered agent's phone number is (302) 658-7581.

4. Defendant is trading as NCO Financial Commercial Services and its business address is 655 S. Bay Road, Ste. 1B, Dover, Kent County, Delaware 19901. The phone number is 1-800-788-1007.

5. Defendant, at all times relevant to this action, has employed more than fifteen employees. It owns and operates several businesses, including a debt collection service, which by itself employs over 1000 employees around the country.

6. The discriminatory conduct occurred in connection with Plaintiff's employment at one of Defendant's prior business locations located at 802 Silver Lake Blvd., Dover, Kent County, Delaware 19904.

7. The discriminatory practice is continuing in that Plaintiff has been unlawfully discharged from her job and is legally entitled to reinstatement, but has not been reinstated.

8. On February 3, 2004, Plaintiff filed charges with the Department of Labor of the State of Delaware, Division of Industrial Affairs, 24 North West Front Street, Suite 100, Milford, Kent County, Delaware 19963, regarding Defendant's discriminatory conduct.

9. On February 3, 2004, Plaintiff filed charges with the Equal Employment Opportunity Commission (EEOC) of the United States regarding Defendant's discriminatory conduct. A copy of the charge of discrimination is attached hereto as Exhibit A.

10. The EEOC issued the attached Notice-of-Right-to Sue letter which was received by Plaintiff on February 7, 2005. A copy of the letter is attached as Exhibit B.

11. The unlawful discriminatory acts in this suit concern:

    A. Termination of Plaintiff's employment;

    B. Suspension of Plaintiff's employment;

    C. Racial and sexual harassment; and

    D. Retaliation in the form of suspension and termination because Plaintiff complained about such harassment.

12. Defendant's conduct is discriminatory with respect to the following:

    A. Plaintiff's race;

    B. Plaintiff's color; and

    C. Plaintiff's sex.

13. A copy of the charges filed with the EEOC is attached to this complaint as Exhibit A and is hereby incorporated in this complaint as a brief statement of the facts of Plaintiff's claim.

14. If relief is not granted, plaintiff will be irreparably denied rights secured by 42 U.S.C. §1981 and Title VII of the 1964 Civil Rights Act, as amended.

15. Plaintiff, at the time Defendant terminated her employment, was the only black female General Manager in Defendant's commercial Collection Division.

16. Defendant's management made racially charged comments, including one regarding the number of black employees at the Dover, Delaware office (many of whom were hired by Plaintiff) to the effect that the office "looks like a Tarzan movie."

17. Plaintiff did not receive from Defendant a written explanation regarding the alleged reasons for the termination of her employment.

18. Plaintiff was told by Defendant's management that her employment was terminated because she allegedly committed fraud.

19. Such fraud allegedly consisted, at least in part, of directing or authorizing that certain payments of debts, which had been returned by the banks because the accounts on which they were drawn contained insufficient funds, be resubmitted to the banks for payment without first taking appropriate steps to assure the accounts contained sufficient funds.

20. In fact, Plaintiff at all relevant times followed the Defendant's procedures, policies and practices as they pertained to the re-depositing of payments.

21. Further, Plaintiff followed the procedures, policies and practices dictated by her supervisor, and did so with her supervisor's knowledge, but subsequently allegedly was

3

discharged for following those practices. In fact, she was discharged because of her race and sex, and because she complained about racial and sexual harassment.

22. Other General Managers holding the same position as Plaintiff, who were white males, followed the same procedures, policies and practices utilized by Plaintiff for which she was allegedly discharged, but were not themselves discharged.

23. Defendant's management also knowingly tolerated and even engaged in racially and sexually offensive and demeaning language and behavior, some of which was directed at Plaintiff.

24. Plaintiff provided a written statement to Defendant's management concerning some such language and behavior. A copy of the statement is attached hereto as Exhibit C.

25. Defendant's investigation of the Plaintiff's written statement, and possibly other information, eventually lead to the discharge of Mr. William Savage.

26. Mr. Savage is or was the friend and mentor of Mr. Theodore Fox, who had no authority over Plaintiff during the time Mr. Savage's conduct was investigated by Defendant or during the time when Mr. Savage was discharged.

27. Subsequent to Mr. Savage's discharge, Mr. Fox was promoted to a position in the Collections Division in which Plaintiff worked, which enabled him to facilitate her discharge.

28. Within a few weeks of Mr. Fox's promotion into said position, Plaintiff was discharged by Defendant.

29. Plaintiff's job performance was better than the performance of at least some of the other General Managers in the same position held by her, and the employment of those General Managers was not terminated.

30. The day before Plaintiff was suspended from her job (and a few days before she was discharged), her supervisor complimented Plaintiff on her job performance.

31. Plaintiff has no adequate remedy at law to redress the wrongs described above.

32. Defendant violated the implied covenant of good faith and fair dealing with respect to the termination of Plaintiff's employment.

WHEREFORE, Plaintiff requests that:

1. This Court grant a preliminary and permanent injunction enjoining Defendant, its officers, agents, employees, and successors, as well as all persons acting in concert with it, from engaging in unlawful discriminatory practices;

2. Judgment be entered in Plaintiff's favor and that she be reinstated to her position and awarded compensatory and punitive damages, back pay and front pay, benefits, past and future pecuniary losses, pre-judgment and post-judgment interest, attorneys fees, costs, and such other relief as may be just and appropriate.

PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
JEREMY W. HOMER, ESQUIRE
Delaware State Bar I.D. No.: 413
116 W. Water Street
P.O. Box 598
Dover, DE 19903
(302) 678-3262
Attorneys for Plaintiff

DATED: 4-15-05
h\Hue\Complaint

# EXHIBIT A

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| This form is affected by the Privacy Act of 1974 | ☐ FEPA 0402270<br>☐ EEOC 17CA400265 |

Delaware Department of Labor                    and EEOC
(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Ms. Valerie Hue | (302) 684-1291 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 13604 Spicer Road | Ellendale DE 19941 | Sussex |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (if more than one, list below.)

| NAME | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code) |
|---|---|---|
| NCO Financial Commercial Services | 100+ | 1-800-788-1007 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 802 Silver Lake Blvd, Dover, DE ~~19941~~ 19904 |  |

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ AGE
☒ RETALIATION  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 12/2003
LATEST 01/29/2004
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I. I am a female individual whose race is black. I was employed by Respondent from approximately February 1995 until I was discharged from as a General Collections Manager on January 29, 2004. I was suspended and than terminated for allegedly violating a company policy. I also believe that I was retaliated against for a previous claim of sexual harassment which resulted in the termination of an associate of Ted Fox, Sr. Vice President of Commercial Services.

II. I was suspended Ted Fox (white, male) Sr. Vice President of Commercial Services and Kathy Obenshain (white, female) for re-depositing checks without verification of funds and not removing checks from system when requested by collectors. I was later terminated while on suspension.

III. I believe that Respondent violated Title VII of the Civil Rights Act of 1964, as amended, and the state of Delaware's Discrimination in Employment Act, as amended, when I they terminated me for allegedly violating company policy. During a company conference call with all collection managers of the commercial division throughout the country the issue of re-depositing checks was a topic discussed. Kim Marlow (white, female), Eric Shaw (white, male), Leigh Nickerson (white, female) were all in attendance with me in Respondent's Dover, Delaware location. Kathy Obenshain (white, female) Vice President of Collections, stated that she did not want any checks deposited without verification. A question was asked by Mack Mckenzie (white, male) if a check can it be recreated with the same check number. Kathy Obenshain asked was this going on at his branch and he stated "not as of right now" implying that he was re-depositing checks as well. After the conference call new instructions were given out about how to re-deposit checks. There was another process in place for handling re-deposits which I followed. None of my similarly situated co-workers were disciplined for following the same process I followed. I also believe that Ted Fox (white, male) actions against me were in retaliation for a previous claim of sexual harassment I filed against one of his employees Bill Savage (white, male). Bill was terminated for Sexual Harassment after the company's investigation. Ted fox previous position did not give him authority to terminate me, however two weeks after his promotion I was terminated. I believe that the actions taken by Respondent were a pretext to mask discrimination based I was the only black female General Manager in Commercial Collections Division.

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SIGNATURE OF COMPLAINANT

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

2/3/04    Valerie Hue
Date      Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

Subscribed and sworn to before me this date           (Day, month, and year)

# EXHIBIT B

EEOC Form 161-B (10/96)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Valerie Hue<br>13604 Spicer Road<br>Ellendale, DE 19941 | From: U. S. Equal Employment Opportunity Commission<br>Philadelphia District Office<br>21 South 5th Street - Suite 400<br>Philadelphia, PA 19106-2515 |
|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is*<br>      CONFIDENTIAL *(29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2004-00265 (formerly 17CA400265) | Legal Unit | 215-440-2828 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]    More than 180 days have passed since the filing of this charge.

[ ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]    The EEOC is terminating its processing of this charge.

[ ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*              February 4, 2005

Marie M. Tomasso, District Director        *(Date Mailed)*

Enclosure(s)

cc:   NCO Financial Commercial Services<br>
      Jeremy W. Homer, Esquire (for Charging Party)

# EXHIBIT C

**NCO Financial Systems, Inc**

# Memo

**To:** Ted Fox

**From:** Valerie Hue

**CC:** Ric Boudreau

**Date:** 10/15/2001

**Re:** Comments of Bill Savage

---

I have been asked to document comments made to me by Bill Savage. The following are only some of the comments made.

I have been the only African American female large balance collector/manager the Dover branch has had. Over my tenure with Milliken & Michael's/ NCO Financial System, Inc Bill has made numerous comments.

While completing a sit-with, Mr. Savage yells to me to come here. When I reached his location he states, " Tell Her to wake her fat ass up". He was referring to Audrey Williams, apparently she was sleep in her office. 24 hrs later she resigned. I told Mr. Savage he can't say those things and his response was and I quote "fuck her"

At the award ceremony he yells at the receptionist. "Don't you thing he is fucking busy." He was referring to a call from Phil Weaver and Ted Fox to Mike Scher.

At the receptionist counter he stated he loved black pussy in context to a conversation to my mixed heritage

I was wearing a tee shirt that has Dollar bills printed on it. He comments 'Val walking around with fucking money on her tits"

I was walking around the corner and ran into him. He put his arms around me and said nice tits. I told him to get his hands off of me.

At a large balance meeting he made a comment to one of the collectors to stop being a wet pussy and put their numbers on the board.

There are many other comments that Bill has made over the years. To make a complaint against Mr. Savage would only result in me loosing my job.

1

There are many other comments that Bill has made over the years. To make a complaint against Mr. Savage would only result in me loosing my job.