IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALERIE HUE, : | |
| : | |
| Plaintiff, : | Civil Action No.: 05-225-KAJ |
| : | |
| v. : | |
| : | |
| NCO FINANCIAL SYSTEMS, INC., a : | |
| Delaware corporation, trading as : | |
| NCO FINANCIAL COMMERICAL SERVICES: | |
| : | |
| Defendant. : | |

## DEFENDANT NCO'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant NCO Financial Systems, Inc ("NCO"), by and through its undersigned counsel, submits this Answer and Affirmative Defenses to plaintiff's Complaint and states as follows:

1.  NCO admits that plaintiff purports to bring an action pursuant to 42 U.S.C. § 1981 and Title VII as alleged in ¶ 1 of the Complaint, and further admits that jurisdiction exists by virtue of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5. Notwithstanding such admissions, NCO denies any liability or wrongdoing under the law.

2.  NCO admits the allegations in ¶ 2 of the Complaint based upon information and belief.

3.  NCO admits the allegations in ¶ 3 of the Complaint, except to aver that NCO is a Pennsylvania corporation.

4.  NCO denies the allegations in ¶ 4 of the Complaint, except to admit that NCO has an office in Delaware at the stated address.

5. NCO admits that it employs more than fifteen employees, but denies any remaining allegations in ¶ 5 of the Complaint

6. NCO denies the allegations in ¶ 6 of the Complaint

7. NCO denies the allegations in ¶ 7 of the Complaint

8. NCO admits that plaintiff filed charges with the Department of Labor as alleged in ¶ 8 of the Complaint, but denies any discriminatory conduct or wrongdoing under the law

9. NCO admits that plaintiff filed charges with the EEOC as alleged in ¶ 9 of the Complaint, but denies any discriminatory conduct or wrongdoing under the law.

10. NCO admits the allegations in ¶ 10 of the Complaint, but denies for a lack of information when plaintiff received the Notice of Right to Sue from the EEOC

11. NCO admits that plaintiff purports to bring suit for unlawful discrimination as alleged in ¶ 11 (A) – (D) of the Complaint, but denies any discriminatory conduct or wrongdoing under the law

12. NCO denies the allegations in ¶ 12 of the Complaint

13. NCO admits that plaintiff attached a copy of the charges filed with the EEOC, but denies any remaining allegations in ¶ 13 of the Complaint and denies any discriminatory conduct or wrongdoing under the law

14. NCO denies the allegations in ¶ 14 of the Complaint

15. NCO admits that plaintiff was the only General Manager of NCO's Commercial Collection Division who was both African American and female at the time plaintiff was terminated. To the extent that ¶ 15 of the Complaint states otherwise, it is denied

16. NCO denies the allegations in ¶ 16 of the Complaint

17. NCO denies the allegations in ¶ 17 of the Complaint

18    NCO admits to terminating plaintiff because she committed intentional acts of wrongdoing, some of which were fraudulent in nature, but all of which violated NCO's policies. To the extent that ¶ 18 of the Complaint states otherwise, it is denied.

19    NCO admits the allegations in ¶ 19 of the Complaint, except to aver that plaintiff is in the best position to describe her wrongful conduct.

20    NCO denies the allegations in ¶ 20 of the Complaint.

21    NCO denies the allegations in ¶ 21 of the Complaint.

22    NCO denies the allegations in ¶ 22 of the Complaint.

23    NCO denies the allegations in ¶ 23 of the Complaint.

24    Without at this point knowing the timeframe and subject to further investigation, NCO admits that plaintiff provided a written statement to NCO as alleged in ¶ 24 of the Complaint, but denies any liability or wrongdoing under the law.

25    NCO admits the allegations in ¶ 25 of the Complaint, except to aver that Mr. Savage was discharged solely due to allegations made by plaintiff.

26    NCO cannot understand ¶ 26 of the Complaint as worded. Notwithstanding such objection and based upon NCO's interpretation of ¶ 26, it is denied.

27    NCO admits that Mr. Fox was promoted as alleged in ¶ 27 of the Complaint, but denies the remaining allegations in ¶ 27 of the Complaint. NCO avers that there was no retaliatory conduct against plaintiff by Mr. Fox.

28    NCO denies that Mr. Fox discharged plaintiff, and further denies any other allegations in ¶ 28 of the Complaint.

29    NCO denies the allegations in ¶ 29 of the Complaint.

30    NCO denies the allegations in ¶ 30 of the Complaint based upon lack of sufficient information and/or knowledge to form a belief therein. Defendant avers that to the extent any compliment was ever given to plaintiff, such compliment had no bearing regarding plaintiff's wrongful conduct.

31    NCO denies the allegations in ¶ 31 of the Complaint.

32    NCO denies the allegations in ¶ 32 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Assuming that plaintiff has suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### SECOND AFFIRMATIVE DEFENSE

All actions taken by NCO with respect to plaintiff were made without malice, in good faith, and for legitimate business reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped by reason of her conduct, acts, or omissions from recovering against NCO on any purported claims for relief contained herein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff, by her acts or omissions, has waived any and all claims and purported claims for relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred in equity from recovering on her Complaint, or on any claim contained therein, under the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that it discriminated or retaliated against plaintiff in any of its employment decisions regarding plaintiff

### SEVENTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that plaintiff was adversely affected at any time during her employment because of her race, color, gender, age, or because of any complaints of harassment or discrimination

### EIGHTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that any of its agents took any discriminatory or retaliatory action against plaintiff.

### NINTH AFFIRMATIVE DEFENSE

NCO affirmatively avers that adequate company policies existed with respect to plaintiff's claims

### TENTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that plaintiff sustained any damages as alleged in her Complaint as a result of any action of NCO

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are false and plaintiff is subject to attorney's fees and costs for NCO having to answer this frivolously filed action.

### TWELTH AFFIRMATIVE DEFENSE

NCO affirmatively avers that plaintiff's claims are barred by the "same actor" defense, because the same actor participated in plaintiff's promotion and termination and a presumption arises that the termination was not the result of an improper discriminatory motive

OF COUNSEL:

David Israel
Mayas D. Erickson
Sessions, Fishman & Nathan, L.L.P.
201 St. Charles Ave., Suite 3500
New Orleans, Louisiana 70170-350

Elizabeth K. Fite
Law Office of Elizabeth Fite, P.A.
15316 N. Florida Avenue, Suite 100
Tampa, Florida 33613

/s/ Jennifer C. Jauffret
Jennifer C. Jauffret (#3689)
jauffret@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, Delaware 19899
Telephone No.: (302) 651-7700
Attorneys for Defendant

Dated: May 10, 2005

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2005, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### VIA FACSIMILE

Jeremy W. Homer, Esq.
Parkowski & Guerke, P.A.
116 West Water Street
P. O. Box 598
Dover, DE 19903

_____
Alyssa M. Schwartz (#4351)
schwartz@rlf.com

RLF1-2873343-1