IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE HUE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-225-KAJ |
| | ) | |
| v. | ) | |
| NCO FINANCIAL SYSTEMS, INC., a | ) | |
| Delaware corporation, trading as NCO | ) | |
| FINANCIAL COMMERCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO DISCOVERY
AND FOR THE IMPOSITION OF SANCTIONS**

Plaintiff, Valerie Hue, by that through her undersigned counsel, hereby moves for an order compelling answers to discovery and for the imposition of sanctions for failure to provide responsive answers. In support of the motion, plaintiff states:

1. Plaintiff was employed by Defendant as a general collections manager, and was the only African American female who held such a position by the defendant, who employs over a thousand employees nationwide.

2. While she was employed by defendant plaintiff was subjected to and witnessed unwelcome sexual and racial harassment.

3. The plaintiff's employment was wrongfully terminated by defendant and plaintiff subsequently filed this action pursuant to various civil rights statutes.

4. Following the filing of the complaint, defendant provided in its initial disclosures a document which purports to set forth the reasons for the termination of employment. The document is attached hereto as Exhibit 1.

5. Exhibit 1 indicates that plaintiff was terminated because she allegedly "violated Company policy, and acted in an unprofessional manner by instructing NCO employees to violate NCO's check handling procedures."

6. On or about July 19, 2005, plaintiff served on defendant a set of interrogatories and request for production of documents. The interrogatories and production request are attached hereto as Exhibits 2 and 3, respectively.

7. On or about August 22, 2005, the defendant served responses to the plaintiff's discovery requests. Two days later, on August 24, 2005, plaintiff's attorney sent a letter to defendant's attorney which points out numerous examples of non-responsiveness of the answers to the discovery. A copy of the letter is attached as Exhibit 4.

8. On September 8, 2005, defendant's counsel sent plaintiff's counsel a letter which discusses the discovery answers and provides some limited additional detail. A copy of the letter is attached as Exhibit 5.

9. On September 26, 2005, plaintiff's counsel sent a second letter to defendant's counsel which provided a complete list of the problems with the defendant's discovery responses. A copy of the letter is attached as Exhibit 6. The letter provides detailed explanations of each of the problems, and notifies opposing counsel that, unless the answers are supplied, plaintiff would be compelled to file this motion and seek attorney fees.

10. On or about October 14, 2005, defendant served supplemental responses to the discovery. The answers re-state the requests, provide the previous responses to the discovery, and then add a supplemental response. The responses to the interrogatories

are attached as Exhibit 7 and the responses to the production request are attached hereto as Exhibit 8.

11. Plaintiff's discovery seeks essential information related to the case. By way of illustration, the discovery requests defendant to identify the check handling policies which plaintiff allegedly told employees to violate. See Exhibit 2, para. no. 4. Further, it asks for the document(s) that contains the policy, the identity of any person who defendant claims was instructed by plaintiff to violate the policy, what the person was told, the date of the instruction, and the identity of any document that evidences that such instruction was made. All this requested information is directly related to the central issue in the case, namely whether defendant's excuse for terminating the employment of plaintiff was valid.

12. Defendant's September 8, 2005 letter refers to an Exhibit A to that letter, which contains a number of documents which purportedly contain certain of defendant's policies over a period of time beginning in December 26, 2001. The September 8, 2005 letter claims "These documents outline NCO's check handling policy..." Exhibit 5, page 2.

13. Plaintiff's September 26, 2005 letter (Exhibit 6, page 3) explains the answer is insufficient because the defendant has not made clear which of the documents at Exhibit A, if any, contain the check handling policy which defendant asserts plaintiff instructed employees to violate. Nor does the answer supply the requested information regarding the identity of persons who defendant claims were instructed by plaintiff to violate the procedures, the witnesses to the instruction, etc.

14. Defendant's October 14, 2005 supplemental answer does not address any of the above points, and merely states that "NCO has produced documents containing the relevant check handling policies and procedures." (Exhibit 7).

15. Defendant's responses to the discovery are inadequate for the reasons explained in detail in the September 26, 2005 letter (Exhibit 6). The October 14, 2005 supplemental answers fail to address the deficiencies identified in the September 26, 2005 letter in all respects.

16. The defendant's October 14, 2005 supplemental responses to the requests for production of documents fail to address the deficiencies pointed out in the September 26, 2005 letter in all respects. By way of example, request number 1 asks for cash journal ledgers, hold check request forms, U-Deposit forms, post date check reports, and NSF reports prepared in the defendant's Dover office between July 1, 2003 and March 2004. Those documents would enable plaintiff to determine whether and to what extent various employees complied with policies relevant to the case. Defendant's response claims it has no ability to produce the forms. The supplemental response states "NCO has already produced relevant check handling policies." The response has nothing to do with the request, which does not request check handling policies.

17. Defendant's failure to supply the requested answers to discovery is made in bad faith and violates the court's discovery rules.

WHEREFORE, plaintiff respectfully requests an order directing the defendant to provide responsive answers and to pay attorney fees to plaintiff in a sum to be determined by the court after plaintiff presents a full accounting of the time spent to pursue compliance with the rules.

Respectfully submitted,

PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
JEREMY W. HOMER, ESQUIRE
Delaware State Bar I.D. No.: 413
116 W. Water Street
P.O. Box 598
Dover, DE 19903
(302) 678-3262

DATED: October 31, 2005    Attorneys for Plaintiff

5