# EXHIBIT 2

Case 1:05-cv-00225-KAJ   Document 30-4   Filed 10/31/2005   Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALERIE HUE, | : |
| Plaintiff, | : |
| | : Civil Action No.: 05-225-KAJ |
| v. | : |
| | : TRIAL BY JURY OF |
| NCO FINANCIAL SYSTEMS, INC., a | : TWELVE DEMANDED |
| Delaware corporation, trading as | : |
| NCO FINANCIAL COMMERCIAL SERVICES, | : |
| | : |
| Defendant. | : |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

Plaintiff, Valerie Hue, propounds the following set of interrogatories directed to Defendant, NCO Financial Systems, Inc. The full answers thereto must be provided to Plaintiff in writing and under oath within 30 days of service of this document.

### DEFINITIONS

"Document" or "documents" means any type of recorded information in the possession custody or control of the defendant, including, without limitation, originals and copies, typewritten, handwritten, photostatic and other types of copies, reports, records, instructions, notes, work sheets, photographs, notebooks, scrapbooks, data, diaries, desk calendars, minutes, plans, drawings, sketches, charts, invoices, purchase orders, bills of lading, tape recordings, articles, publications, or any other recorded information, including electronically recorded information. If any document is withheld from production on the ground of an asserted privilege or similar claim, the following information must be produced: The author, recipient, addressee, date, subject matter, number of pages, custodians, and the nature of the privilege claimed.

"Identify" means with respect to a person, his/her full name; last known address; home and work phone number; and name of employer, if known.

"Identify" with reference to any document means to supply the title, if any, of the document, the dates upon which it was prepared and signed, if applicable, the name, address and phone number of the person(s) who prepared the document and any person who received the document. To the extent that any of the above information is unavailable, supply the information that is available. State also who has possession of the document, or any copy or draft of such document or any such document with notes written on it.

"Explain" means to describe fully by reference to underlying facts, as opposed to conclusions of facts or law, and the explanation should also identify any person or document which can assist in the explanation.

"Discharge" means Defendant's termination of the Plaintiff's employment with Defendant.

## INSTRUCTIONS

These interrogatories are continuing in nature and the answers must be supplemented to the extent that the answers become inaccurate or incomplete as a result of new information.

## INTERROGATORIES

1.  Identify (as defined above) the person or persons who made the decision to discharge the Plaintiff and identify each person who provided input regarding it, including but not limited to anyone who provided any information considered by Defendant.

    A.

2.  Identify (as defined above) any and all documents (as defined above) reviewed in connection with the decision to discharge Plaintiff, or utilized in making such decision. If any draft of any such document cannot be produced because it has not been retained, explain who directed that the document not be retained and the date or approximate date that such direction was made. Also, for any such draft document, identify any person who read the draft document.

    A.

3.  Identify (as defined above) any and all documents on which Defendant presently relies to support the decision to discharge Plaintiff.

    A.

4.  With respect to the "check handling procedures" referenced in Exhibit A, attached hereto:

    (a) identify any document that contains any or all such procedures;

    (b) identify any person who defendant claims was instructed by Plaintiff to violate such procedures and any witness to such instruction;

    (c) with respect to each person instructed to violate such procedure, explain what the person was told in as much detail as known by Defendant and the approximate date(s) of such instruction(s);

    (d) identify any document that evidences that such instruction was made, including, without limitation, any tape recording or any written account of the instruction.

    A.

5.  If the "check handling procedures" referenced in Exhibit A hereto are not contained in any document, explain the procedures, when they went into effect, and how Defendant communicated the procedures to its employees, including the Plaintiff.

3

A.

6. If Defendant has not required its employees to follow the "check handling procedures" referenced in Exhibit A at all times between January 1, 2000, and June 30, 2005, explain what other procedures employees were required to follow regarding the subject matter of the "check handling procedures," and when those other procedures were in effect.

A.

7. With respect to the "check handling procedures" referenced in the next to the last paragraph of page 2 of Exhibit B, attached hereto, are such procedures the same ones referenced in Exhibit A? If not, please provide the information requested in Interrogatories 4-6, but substituting "Exhibit B" for "Exhibit A" for Interrogatories 4-6.

A.

8. Explain the facts that support the statement that Plaintiff "fraudulently violated NCO's check handling procedures," as alleged in Exhibit B, page 2, next to the last paragraph.

A.

9. For what month and year was the "routine monthly audit" referenced in the last paragraph of page 2 of Exhibit B undertaken?

A.

10. For each month from January 2003 through January 2004, provide the amount of the bonus awarded to or earned by Plaintiff and identify any document that evidences such bonus. For purposes of this question, "bonus" refers to the bonus paid by Defendant which depended on the Plaintiff's performance, as explained in Exhibit B.

A.

11. With respect to the assertion that "charging party was aware that these checks would not clear the respective bank accounts," contained in Exhibit B, page 3:

(a) identify any person who has knowledge of any fact that supports the assertion and explain what knowledge he/she has;

(b) identify any document that supports the assertion, including, without limitation, each of the checks referenced in the assertion;

(c) explain, with respect to each check referenced in the assertion, the facts which support Defendant's claim that Plaintiff knew the check would not clear the account.

A.

12. Provide the name, address, phone number, name of employer, race and gender of all individuals employed by Defendant during any time between January 1, 2000 and June 30, 2005, who held a position equivalent to the position held by Plaintiff when Defendant discharged her.

A.

13. Identify (as defined above) the top ten debt collectors in terms of total money collected in each year for calendar years 2002, 2003, and 2004, in each of the Defendant's following offices: Dover, Delaware; Metaire, Louisiana; Atlanta, Georgia; San Diego, California; and Chicago, Illinois.

A.

14. Explain (as defined above) the use of the cash journal ledger, and state the code number used in the ledger to indicate that a payment has been "re-dipped" (i.e., redeposited after being returned for insufficient funds).

A.

15. For each affirmative defense set out in the answer to the complaint, explain each of the facts which support the defense, identify who has knowledge of such facts, and identify any document which supports the defense.

   A.

16. Identify (as defined above) any individual who has or may have knowledge of facts relevant to any disputed fact in the case and explain (as defined above) those facts.

   A.

17. Identify (as defined above) any individual Defendant plans to call or may call as a witness in the trial of this case.

   A.

18. Identify the person or persons who made the decision to discharge Bill Savage and identify any person who provided input regarding such decision, including but not limited to anyone who provided any information considered by Defendant.

   A.

PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
JEREMY W. HOMER, ESQUIRE
Delaware State Bar I.D. No.: 413
116 W. Water Street
P.O. Box 598
Dover, DE 19903
(302) 678-3262

DATED: July 19, 2005         Attorneys for Plaintiff

# EXHIBIT A



# Job Discussion Summary Form

Please Print or Type

**Last Name:** Hue
**First Name:** Valerie
**Social Security Number:** 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

**Location (City, State):** Dover, DE
**Date:** 1/28/04

**Nature of Discussion (check one):**
- [ ] Verbal Warning
- [ ] Written Warning
- [ ] Final Warning
- [x] Termination

**Topic of Discussion (check applicable area(s)):**
- [ ] Attendance
- [ ] Performance
- [ ] Insubordination
- [x] Violation of Co. Policy

**Written Summary (use separate sheet if necessary, include dates, times, who, what, when, why, etc.):**

As an employee of NCO, meeting performance expectations is a requirement of your position.

In April 1999, you were trained on the duties of your position. This training provided you with details on the regulations that all employees must adhere to.

On January 21, 2004 It was brought to management's attention and has been determined that you violated Company policy, and acted in an unprofessional manner by instructing NCO employees to violate NCO's check handling procedures.

You were suspended with pay from 1/21/03 through 1/28/03.

Your actions violate NCO policy, call to question your ability to adequately perform the tasks assigned to you, and will not be tolerated.

**Action To Be Taken (results of discussion, follow up, dates of follow up, etc.):**

Termination

**Employee Comments:**

Employee Signature

Manager/Supervisor Signature/Date

Copy – Human Resources
Copy – Retained by Department Manager
Corporate Employee Relations

Human Resources Signature/Date

1/03

# EXHIBIT B

Case 1:05-cv-00225-KAJ    Document 30-4    Filed 10/31/2005    Page 10 of 10