

**SESSIONS
FISHMAN
& NATHAN** LLP

ATTORNEYS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
www.sessions-law.com

MAYAS S. DABIT
mdabit@sessions-law.com
Respond to Metairie Office

June 28, 2004

PERSONAL & CONFIDENTIAL
<u>Via Fax: (302) 422-1137 (w/out encls.) & U.S. Mail</u>

Trina R. D. Wheedleton
Labor Law Enforcement Officer II
DDOL, Division of Industrial Affairs
24 N.W. Front Street, Suite 100
Milford, DE 19963

    Re:    Charging Party:    Valerie Hue
           Respondent:       NCO Financial Commercial Services
           EEOC Charge No.: 17CA400265
           FEPA No.:          0402270

Dear Ms. Wheedleton:

        Sessions, Fishman & Nathan, L.L.P., represents the respondent, NCO Financial Systems, Inc., regarding the referenced Charge of race, sex and retaliation discrimination.

        As will be proven below, Ms. Hue's allegations are false. Ms. Hue was discharged for violating NCO's check handling procedures. As a general collections manager, Ms. Hue was responsible for insuring proper implementation of NCO's policies and procedures. Instead, Ms. Hue intentionally violated these policies by improperly depositing checks and instructing her subordinates to do the same. NCO requests a No-Cause Determination.

BACKGROUND

        NCO provides collections services to financial institutions, healthcare providers, retail and commercial clients, educational organizations, telecommunications companies, utility companies and government entities. Because of the regulated nature of NCO's work, it is important that there be qualified and trained collectors and managers. The charging party worked in NCO's Commercial Division office in Dover, Delaware.

        NCO commercial collectors, as well as managers, must comply with NCO's Policies, including NCO's direct check input (DCI) policy. *See* Exhibit 1A – 1B, 1/21/04

New Orleans Office
201 St. Charles Avenue
Thirty-Fifth Floor
New Orleans, LA 70170-3500
Telephone (504) 582-1500
Fax (504) 582-1555

Metairie Office
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
Telephone (504) 828-3700
Fax (504) 828-3737

June 28, 2004 – Page 2

memorandum and 8/2/02 memorandum. The DCI policy allows use of a direct check form for payments over the telephone. Managers are responsible to review all DCIs received, to ensure that proper authorization has been given to post checks to the appropriate bank. Posting, or re-posting a "bounced" check, without proper authorization that funds are available constitutes fraud and is a ground for immediate termination.

NCO maintains a complaint procedure detailed in the Employee Handbook that states in pertinent part: "If an employee experiences any job-related harassment based on sex, race, national origin, disability, or another factor, or if an employee believes he or she has been treated in an unlawful, discriminatory manner, the incident should be promptly reported to the department manager." The complaint procedure further states: "In the alternative, the employee can contact Corporate Employee Relations directly." *See* Exhibit 2, NCO's Complaint Procedure.

## FACTS

On April 19, 1999, the charging party was hired as a collector with Milliken & Michaels, NCO's predecessor. As a collector, the charging party was assigned to work many accounts and was responsible to contact debtors to collect on the past due debts. The charging party was later promoted to a large balance collector, then a small/mid-balance manager and finally to the general collections manager (GCM) of the Dover Commercial Division. To be promoted, the charging party was obligated to learn NCO's policies. The GCM is the highest manager position over the collections function in the Dover office.

Managers throughout NCO's Commercial Division offices are divided into different levels, including GCMs; large balance (LB) managers (also known as level 3 managers), mid-balance (MB) managers (also known as level 2 managers), and small balance (SB) managers (also known as level 1 managers).

As the GCM of the Dover office, the charging party was responsible for implementing NCO's policies and procedures and ensuring that her staff properly followed NCO's rules. Not only did the charging party fraudulently violate NCO's check handling procedures, she also instructed her staff to do so.

During a routine monthly audit, a large number of non-sufficient funds (NSF) checks were found in the charging party's office. A fact-finding investigation by Kathy Obenshain was completed. The investigation revealed the charging party was violating NCO's check handling policies by improperly re-depositing NSF checks. This improper

SESSIONS FISHMAN & NATHAN L.L.P.

Ms. Trina R. D. Wheedleton
June 28, 2004 – Page 3

re-depositing was to create additional fees to add to the charging party's end of the month (EOM) figures. From this number, the charging party earned part of her bonus. Although the charging party was aware that these checks would not clear the respective bank accounts, she violated NCO's check handling policies in order to benefit herself. By increasing her EOM end figures, the charging party could earn more bonus money. *See* Exhibits 3A – 3E, Employee Statements.

The charging party was suspended, with pay, from January 21, 2004 – January 28, 2004, pending the outcome of the fact-finding investigation. Corporate Employee Relations was consulted, prepared the charging party's termination paperwork and assisted with the termination interview. *See* Exhibit 4, 1/28/04 Termination Job Discussion Summary.

The charging party had other problems by not following NCO's policies. In addition to her fraudulent check handling violations, the charging party was verbally admonished for the improper issuance of disciplinary forms. On June 11, 2002, the charging party attended training. Managers were trained that all progressive discipline and performance reviews were to be prepared by the Dover human relations representative and reviewed by Corporate Employee Relations before issuance.

On September 17, 2002, the charging party had an administrative assistant log on to the human relations representative's computer while the representative was out for the day and prepare several disciplinary reports. Not only did the charging party fail to follow the proper procedure for issuing these disciplinary reports, she also failed to review these reports, resulting in her rescinding the discipline. *See* Exhibit 5, 9/23/02 Verbal Job Discussion Summary.

The charging party alleges that she was terminated for re-depositing checks while "none of [her] similarly situated co-workers were disciplined for following the same process [she] followed" and that she was only following the instructions given to her by Kathy Obenshain, Vice President of Operations for the Commercial Division. This is untrue. No other manager in NCO's Commercial Division re-deposited NSF checks. *See* Exhibits 6A – 6I, Sworn Statements of B. Laiche, D. DeEsch, S. Ross, C. Santasiero, L. Ciccarone, M. Cardoza, J. Batie, M. Scher and J. Thomas. As confirmed by Ms. Obenshain, at no time did Ms. Obenshain instruct the charging party to deposit NSF checks unless the consumer had confirmed that funds were available. *See* Exhibit 7, Sworn Statement of K. Obenshain. (Ms. Obenshain is no longer employed by NCO, but was so offended by the charging party's allegations that she executed the enclosed sworn

SESSIONS FISHMAN & NATHAN L.L.P.

Ms. Trina R. D. Wheedleton
June 28, 2004 – Page 4

statement.)   See also Exhibit 1A – 1B, written DCI Process used throughout all Commercial Division.

Other employees who violated this policy have been discharged, including: Matthew Lane (wh/m), Michael Deppe (wh/m), Brian Dooley (wh/m), Patrick Baker (wh/m), Hugo Guerra (hisp/m), Deidre Nichols (bl/f), Michael Frank (wh/m), Gabriel Betancourt (hisp/m), Douglas Smith (wh/m), Shazad Kobir, Samone Thomas (bl/f) and Michael Wilson, (wh/m). See Exhibits 8A – 8J, Termination Job Discussion Summaries. NCO could not locate Job Discussion Summaries for Brian Dooley and Patrick Baker. Ironically, the charging party issued Mr. Lane's and Mr. Deppe's termination paperwork, further evidencing her knowledge that such conduct violated NCO's check handling policies.

The charging party also complains that Ted Fox terminated her in retaliation for a previous claim of sexual harassment she filed against Bill Savage, one of Mr. Fox's former subordinates. Assumedly this complaint was made during October 2001. This claim is confusing. The charging party never reported that Mr. Savage sexually harassed her. She, and others, complained regarding racial comments made by Mr. Savage.

Bill Savage was not discharged from NCO for sexual harassment. Mr. Savage was separated as a result of inappropriate racial slurs he made at the office. Corporate Employee Relations conducted a fact-finding investigation and determined that Mr. Savage had made racial remarks and offensive comments to employees. As a member of management, such conduct could not be tolerated. See Exhibit 9, 10/11/01 Savage Termination Job Discussion Summary. It is illogical for the charging party to complain that she was discharged in retaliation for her claims against Mr. Savage. The complaints raised against Mr. Savage were made in October 2001. The charging party was not discharged from NCO until January 2004, 2½ years later.

The charging party's claim that Mr. Fox retaliated against her by terminating her ignores the fact that Mr. Fox did not independently make the decision to terminate the charging party. Kathy Obenshain conducted a fact-finding investigation and recommended Corporate Employee Relations to review and prepare the charging party's termination paperwork. Mr. Fox was not involved in this investigation or decision.

The charging party's allegations are illogical and unfounded. No other general collections manager substantiates the charging party's claims. Ms. Obenshain provided a sworn statement that at no time did she instruct the charging party to re-deposit checks without verification of funds. The charging party signed the termination paperwork for 2

SESSIONS FISHMAN & NATHAN LLP

Ms. Trina R. D. Wheedleton
June 28, 2004 – Page 5

of her own employees who were separated for violating NCO's check handling procedures. There has been no wrongdoing by NCO regarding the charging party's separation. The charging party fraudulently violated policy and, like others, was terminated for her intentional acts of wrongdoing.

## CONCLUSION

Based on the foregoing, the respondent, NCO Financial Systems, Inc., respectfully requests that the DDOL issue a No-Cause Determination. Should I not hear from you, I will assume that you have all the necessary documents and materials that answer the Charge, so that this matter may be dismissed.

Very truly yours,

*Mayas S. Dabit*
Mayas S. Dabit
SESSIONS, FISHMAN & NATHAN, L.L.P.
Attorneys for Respondent,
NCO Financial Systems, Inc.

MSD:pdp
Enclosures
cc:    David Israel, Esq.    (via e-mail)
H:\DI\NCO HR FILES\Hue, Valerie\Correspondence\Position Statement.doc

Ms. Trina R. D. Wheedleton
June 28, 2004 – Page 6

bcc: Josh Gindin          (via e-mail: josh.gindin@ncogroup.com)
     Cherie Sugg         (via e-mail: cherie.sugg@ncogroup.com)
     Carol Murray       (via e-mail: carol.murray@ncogroup.com)
     Ted Fox            (via e-mail: ted.fox@ncogroup.com)

H:\DI\NCO HR FILES\Hue, Valerie\Correspondence\Position Statement.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE HUE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-225-KAJ |
| | ) | |
| v. | ) | |
| NCO FINANCIAL SYSTEMS, INC., a | ) | |
| Delaware corporation, trading as NCO | ) | |
| FINANCIAL COMMERCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SERVICE

I, JEREMY W. HOMER, ESQUIRE, hereby certify that on the __19th__ day of July, A.D. 2005, a true and correct copy of the Plaintiff's First Set of Interrogatories Directed to Defendant was sent via first class mail to the following opposing counsel:

Elizabeth K. Fite, Esq.
Law Office of Elizabeth Fite, P.A.
15316 North Florida Avenue, Suite 100
Tampa, Florida 33613

David Israel, Esquire
Mayas D. Erickson Esquire
Sessions, Fishman & Nathan L.L.P.
201 St. Charles Avenue, 35th Floor
New Orleans, LA 70170-3500

Jennifer C. Jauffret, Esquire
Alyssa M. Schwartz, Esquire
Richard, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
JEREMY W. HOMER, ESQUIRE
Delaware State Bar I.D. No.: 413
116 W. Water Street
P.O. Box 598
Dover, DE 19903
(302) 678-3262
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE HUE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-225-KAJ |
| | ) | |
| v. | ) | |
| NCO FINANCIAL SYSTEMS, INC., a | ) | |
| Delaware corporation, trading as NCO | ) | |
| FINANCIAL COMMERCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF MAILING

I, JEREMY W. HOMER, ESQUIRE, hereby certify that on the 19th day of July, A.D. 2005, a true and correct copy of the Notice of Service was sent via electronic filing and first class mail to the following opposing counsel:

Elizabeth K. Fite, Esq.
Law Office of Elizabeth Fite, P.A.
15316 North Florida Avenue, Suite 100
Tampa, Florida 33613

David Israel, Esquire
Mayas D. Erickson Esquire
Sessions, Fishman & Nathan L.L.P.
201 St. Charles Avenue, 35th Floor
New Orleans, LA 70170-3500

Jennifer C. Jauffret, Esquire
Alyssa M. Schwartz, Esquire
Richard, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
JEREMY W. HOMER, ESQUIRE
Delaware State Bar I.D. No.: 413
116 W. Water Street
P.O. Box 598
Dover, DE 19903
(302) 678-3262
Attorneys for Plaintiff

H:\Hue\first interrogatories.doc