# EXHIBIT 3

Case 1:05-cv-00225-KAJ    Document 30-6    Filed 10/31/2005    Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALERIE HUE, | : |
|       Plaintiff, | : Civil Action No.: 05-225-KAJ |
| v. | : TRIAL BY JURY OF |
|   | : TWELVE DEMANDED |
| NCO FINANCIAL SYSTEMS, INC., a | : |
| Delaware corporation, trading as | : |
| NCO FINANCIAL COMMERCIAL SERVICES, | : |
|       Defendant. | : |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS DIRECTED TO DEFENDANT**

Plaintiff, Valerie Hue, propounds the following requests for production of documents directed to Defendant, NCO Financial Systems, Inc. The full responses thereto must be provided to Plaintiff within 30 days of service of this document. For purposes of the following requests, the Definitions contained in Plaintiff's First Set of Interrogatories Directed to Defendant, served simultaneously with these requests, shall apply.

1. All cash journal ledgers, all hold check request forms, all u-deposit forms, all post-date check reports, and NSF reports prepared by anyone in Defendant's Dover, Delaware office at any time between July 1, 2003 and March 1, 2004.

    R.

2. All monthly reports prepared by anyone in Defendant's Dover, Delaware office at any time between July 1, 2003 and March 1, 2004 that make reference of any kind whatsoever to the redepositing of checks or the return of checks for insufficient funds.

    R.

3. All cash journal ledgers, and whatever forms were used to verify checks prior to redeposit, prepared at any time between July 1, 2003 and March 1, 2004 by each of the top ten debt collectors identified in response to Interrogatory No. 13 served simultaneously with this request.

R.

4. Any correspondence, report, or other document, as defined in the Plaintiff's First Set of Interrogatories Directed to Defendant, and including but not limited to e-mail, prepared at any time between January 1, 2003 and March 1, 2004, which was (1) transmitted to Kathy Obershain from any individual or individuals employed by the Defendant in its Dover, Delaware office, or (2) transmitted from Kathy Obershain to any individual or individuals employed by the Defendant in the Dover, Delaware office.

R.

5. Any form of document (such as, but not limited to, a cash ledger, monthly report, tape recording, hold check request, u deposit form, post-date check form, NSF report form) utilized by Defendant at any time during the period January 1, 2003 to March 1, 2004, if it provides information regarding:

(a) any check that was redeposited in a bank after being returned for insufficient funds; or

(b) verification by the debtor or bank that there are funds available to cover payment of a check (hereafter "Verification").

R.

6.    Any document (company-wide) that reflects that any check was redeposited at any time during the period July 1, 2003 to February 1, 2004, and for each check, copies of any document that reflects Verification was made prior to redepositing.

R.

7.    Any document that was utilized at any time during the period July 1, 2003 to March 1, 2004, which provides any information regarding any check that was <u>deposited</u> into a bank but returned because there were not sufficient funds to cover it.

R.

8.    Any document that was utilized at any time during the period July 1, 2003 to March 1, 2004, which provides any information regarding any check that was <u>redeposited</u> into a bank but returned because there were not sufficient funds to cover it.

R.

9.    Any document contained in the personnel file of Matthew Lane.

R.

10.   Any document that reflects any agreement made between the Defendant and Matthew Lane after his employment was terminated by the Defendant.

R.

11.   Any document considered by Defendant in reaching the agreement with Mr. Lane, as referenced in the preceding request.

R.

12.   Any tape recording of any conversation between the Plaintiff and any person as it relates to the discharge of Mr. Lane by Defendant.

R.

13. Any other document which reflects on or is related to the reasons for entering the agreement between the Defendant and Mr. Lane.

R.

14. Any document that contains information regarding the reasons for the termination of employment by Defendant of Bill Savage.

R.

15. Any document containing a charge of discrimination filed against Defendant with the EEOC or any State agency.

R.

16. Any document identified in the interrogatories served simultaneously with these requests identified in any answer to such interrogatories.

R.

17. Any document which Defendant intends to use during the trial of this litigation.

R.

18. Copies of Defendant's annual financial statements for calendar year 2004.

R.

19. Any document that contains any policy or procedure utilized by the Defendant at any time between January 1, 2000 and June 30, 2005 that pertains to the redepositing of checks or authorization for the redepositing of checks.

R.

20. Any document that contains a policy or procedure utilized by the Defendant at any time between January 1, 2000, and June 30, 2005 that varies in any respect from the "check handling procedures" referenced in Exhibit A to the interrogatories.

R.

21.  If any document produced in response to Request 18 or 19, supra, does not indicate the effective date of the policy or procedure, any document that reflects such date.

R.

22.  Any document that reflects the date(s) upon which any policy or procedure produced in response to Request 18 or 19, stopped being effective.

R.

                                            PARKOWSKI, GUERKE & SWAYZE, P.A.

                      By:   /s/ Jeremy W. Homer
                           JEREMY W. HOMER, ESQUIRE
                           Delaware State Bar I.D. No.: 413
                           116 W. Water Street
                           P.O. Box 598
                           Dover, DE  19903
                           (302) 678-3262

DATED: July 19, 2005           Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE HUE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-225-KAJ |
| | ) | |
| v. | ) | |
| NCO FINANCIAL SYSTEMS, INC., a | ) | |
| Delaware corporation, trading as NCO | ) | |
| FINANCIAL COMMERCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE

I, JEREMY W. HOMER, ESQUIRE, hereby certify that on the 19th day of July, A.D. 2005, a true and correct copy of the Plaintiff's First Request for Production of Documents to Defendant was sent via first class mail to the following opposing counsel:

Elizabeth K. Fite, Esq.
Law Office of Elizabeth Fite, P.A.
15316 North Florida Avenue, Suite 100
Tampa, Florida 33613

David Israel, Esquire
Mayas D. Erickson Esquire
Sessions, Fishman & Nathan L.L.P.
201 St. Charles Avenue, 35th Floor
New Orleans, LA 70170-3500

Jennifer C. Jauffret, Esquire
Alyssa M. Schwartz, Esquire
Richard, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
JEREMY W. HOMER, ESQUIRE
Delaware State Bar I.D. No.: 413
116 W. Water Street
P.O. Box 598
Dover, DE 19903
(302) 678-3262
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE HUE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-225-KAJ |
| | ) | |
| v. | ) | |
| NCO FINANCIAL SYSTEMS, INC., a | ) | |
| Delaware corporation, trading as NCO | ) | |
| FINANCIAL COMMERCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF MAILING

I, JEREMY W. HOMER, ESQUIRE, hereby certify that on the 19th day of July, A.D. 2005, a true and correct copy of the Notice of Service was sent via electronic filing and first class mail to the following opposing counsel:

Elizabeth K. Fite, Esq.
Law Office of Elizabeth Fite, P.A.
15316 North Florida Avenue, Suite 100
Tampa, Florida 33613

David Israel, Esquire
Mayas D. Erickson Esquire
Sessions, Fishman & Nathan L.L.P.
201 St. Charles Avenue, 35th Floor
New Orleans, LA 70170-3500

Jennifer C. Jauffret, Esquire
Alyssa M. Schwartz, Esquire
Richard, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
JEREMY W. HOMER, ESQUIRE
Delaware State Bar I.D. No.: 413
116 W. Water Street
P.O. Box 598
Dover, DE 19903
(302) 678-3262
Attorneys for Plaintiff

H\Hue\req production.doc