# EXHIBIT 4

LAW OFFICES

# PARKOWSKI, GUERKE & SWAYZE
PROFESSIONAL ASSOCIATION
116 WEST WATER STREET
P.O. BOX 598
DOVER, DELAWARE 19903
302-678-3262
FAX: 302-678-9415

F. MICHAEL PARKOWSKI
I. BARRY GUERKE
DAVID S. SWAYZE
CLAY T. JESTER
JEREMY W. HOMER
JOHN C. ANDRADE
MARK F. DUNKLE
WILLIAM A. DENMAN
MICHAEL W. ARRINGTON
CHRISTINE P. SCHILTZ
MICHAEL W. TEICHMAN
BASIL C. KOLLIAS
ANNE HARTNETT REIGLE

GEORGE F. GARDNER, III
OF COUNSEL

WILMINGTON OFFICE
800 KING STREET, SUITE 203
WILMINGTON, DE 19801-0369
302-654-3300
FAX: 302-654-3033

August 24, 2005

**VIA E-MAIL AND**
**FIRST CLASS MAIL**
David Israel, Esquire
Mayas D. Erickson Esquire
Sessions, Fishman & Nathan L.L.P.
201 St. Charles Avenue, 35th Floor
New Orleans, LA 70170-3500

RE:   Hue v. NCO

Dear David:

This letter follows up yesterday's phone conversation with you.

We discussed the status of the discovery responses served by the defendant. I indicated that there were numerous problems with the non-responsiveness of the answers to the interrogatories and cited a few examples. I indicated that the plaintiff would be forced to file a motion to compel if the answers are not supplemented with more responsive answers. You indicated you would discuss the matter with Elizabeth Fite, your co-counsel, and attempt to provide more complete answers. Until the answers are supplemented, it seems unlikely that we can go forward with the depositions.

During our conversation we discussed a few of the answers. I read to you the following answer which is in response to Interrogatory No. 14.:

"...re-dipping is when a NSF check is re-submitted with proper debtor authorization and bank validation that the funds are available."

You explained that the statement expresses the NCO policy which was violated. I pointed out that my understanding is that very frequently the banks refuse to validate the availability of funds. You then acknowledged that the statement in the interrogatory answer may not express the policy correctly. I would ask that this answer be reviewed inasmuch as I understand the defendant's central position to be that the plaintiff intentionally violated the policy. It is difficult to prepare the case without an accurate understanding of what the defendant alleges the policy was.

David Israel, Esquire
Page 2

      Along a similar vein, Interrogatory No. 4 asks for copies of the policies as they relate to "check handling procedures." It also requests any document that contains the policy. The answer objects to the question and then states that NCO "will produce documents containing the relevant check handling policies and procedures at a mutually agreeable time and place." As I indicated by phone, this answer violates the letter and spirit of the discovery rules. The request for the documents has been made, and the answers should already have been supplied pursuant to the request for production of documents. A number of the other answers to the discovery also assert that documents will be provided "at a mutually agreeable time and place." By this letter, I again request the documents which were requested in the first request for production of documents, and object to the answer which postpones production of the documents until the parties agree upon a time.

      Interrogatory No. 5 requests information about the check handling procedures if the procedures are not contained in a document. The answer is "Please see response to interrogatory 4 above." Such answer is non-responsive, particularly if there are no documents that set forth the policy which our client allegedly intentionally violated.

      Interrogatory No. 6 asks that defendant identify the check handling procedures between January 1, 2001 and June 30, 2005 if the procedures at any time varied from the explanation contained in the exhibit attached to the interrogatories. NCO's answer asserts that "NCO requires (and has always required) NCO employees and managers to abide by the check handling policies and procedures in effect at that time." The answer obviously is non-responsive. The question is <u>what</u> were the other policies, and NCO's response is that the employees were required to follow the other policies.

      Interrogatory No. 11 asks for the facts, identity of people with the facts, and documents that relate to NCO's assertion that "charging party was aware that these checks would not clear the respective bank accounts." The answer states "Plaintiff knew or should have known that the checks would not clear the debtors' accounts because she was re-depositing and/or directing her subordinates to re-deposit NSF checks without debtor authorization and/or verification from the bank that funds were available." The answer is non-responsive. NCO's statement is that plaintiff knew that checks would not clear bank accounts, and NCO's answer is that plaintiff <u>should have known</u> that checks would not clear bank accounts because they were re-deposited without verification. If NCO has any factual information which supports the allegation that plaintiff knew there were insufficient funds to cover a certain check, the facts must be supplied pursuant to the request. If it does not, it should admit such fact. It is insufficient merely to state plaintiff generally knew something if defendant has more specific information about what she knew, who was aware of it, what specific checks were re-deposited, etc.

      Interrogatory No. 12 requests information about other individuals (including their names) employed by the defendant in Plaintiff's position at any time during the period January 1, 2000 to June 30, 2005. The only information supplied in the response is that at the time plaintiff's employment was terminated she was the only African American and female individual in her job position. The answer is obviously non-responsive.

David Israel, Esquire
Page 3

      Interrogatory No. 15 asks for the factual basis for the various affirmative defenses which were set out in the answer. The answer simply states that the defenses "are largely based upon the facts" that NCO allegedly didn't discriminate against plaintiff and that she allegedly caused her termination by violating the check handling procedures or directing her subordinates to do the same. The answer obviously is not responsive to the question. The answer raises 12 affirmative defenses, many of them consisting of vague and general statements such as, "NCO affirmatively avers that adequate company policies existed with respect to plaintiff's claims." (Ninth Affirmative Defense). The answer to the interrogatory supplies no facts related to that or many of the other defenses raised in the answer.

      The answers to Plaintiff's requests for production are likewise largely insufficient. For example, the answer to Request No. 4 claims NCO cannot produce any correspondence between (to or from) Kathy Obenshain and any employee in the Dover, Delaware office. That is difficult to believe, particularly because NCO had a legal obligation to preserve documents that may be relevant to the case once it had notice of the charge of discrimination.

      The above is not intended to provide an exhaustive list of the problems in the answers to discovery promulgated by the plaintiff. However, I believe it does provide a sense that the answers fall far short of what is required in Delaware and presumably elsewhere. I realize that both you and Elizabeth are not admitted to the Delaware Bar and may not have had extensive experience with Delaware cases. As I indicated during our phone conversation, unless the answers are amended and reflect a good faith effort to respond to the interrogatories, plaintiff will have no choice but to file a motion to compel. In such case, we obviously will seek attorney fees. It is hoped that the amended answers will provide information responsive to the questions. Thank you for your attention.

                                Yours truly,

                                  JEREMY W. HOMER

JWHsar
e:mail: JHomer@pgslegal.com
cc:    Elizabeth K. Fite, Esquire (Via E-Mail and First Class Mail)
       Jennifer C. Jauffret, Esquire (Via E-Mail and First Class Mail)
       Alyssa M. Schwartz, Esquire (Via E-Mail and First Class Mail)
       Valerie Denise Hue
H:\Hue\Israel110