# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE HUE, | : | |
| | : | |
| Plaintiff, | : | C.A. No.05-225-KAJ |
| | : | |
| v. | : | |
| | : | |
| NCO FINANCIAL SYSTEMS, INC., a | : | |
| Delaware corporation, trading as | : | |
| NCO FINANCIAL COMMERCIAL | : | |
| SERVICES, | : | |
| | : | |
| Defendant. | | |

### NCO FINANCIAL SYSTEMS, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

Defendant, NCO Financial Systems, Inc. ("NCO"), by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26 and 34, hereby responds to plaintiff's discovery requests by providing the following original and supplemental responses as follows:

### DEFINITIONS AND INSTRUCTIONS

NCO objects to plaintiff's definitions to the extent that plaintiff's definitions exceed the requirements imposed by law.

### REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:   All cash journal ledgers, all hold check request forms, all u-deposit forms, all post-date check reports, and NSF reports prepared by anyone in Defendant's Dover, Delaware office at any time between July 1, 2003 and March 2004.

RESPONSE: NCO objects to this request as vague, ambiguous, overly broad and seeking irrelevant information, burdensome, harassing in nature, and seeking personal and/or confidential

information protected by state and federal law. Notwithstanding such objections, NCO has no ability to produce "All cash journal ledgers, all hold check request forms, all u-deposit forms, all post-date check reports, and NSF reports prepared by anyone in Defendant's Dover, Delaware office any time between July 1, 2003 and March 2004.: NCO will produce relevant check handling policies at a mutually agreeable time and place.

SUPPLEMENTAL RESPONSE: NCO has already produced relevant check handling policies.

REQUEST FOR PRODUCTION NO. 2: All monthly reports prepared by anyone in Defendant's Dover, Delaware office at any time between July 1, 2003 and March 1, 2004 that make reference of any kind whatsoever to the redepositing of checks or the return of checks for insufficient funds.

RESPONSE: NCO objects to this request as vague, ambiguous, overly broad and seeking irrelevant information, and burdensome. Notwithstanding such objections, NCO has no ability to produce "all monthly reports prepared by anyone in Defendant's Dover, Delaware office at any time between July 1, 2003 and March 1, 2004 that make reference of any kind whatsoever to the redepositing of checks or the return of checks for insufficient funds." NCO will produce relevant check-handling policies from the relevant time period at a mutually agreeable time and place.

SUPPLEMENTAL RESPONSE: NCO has produced the relevant check-handling policies from the relevant time period.

REQUEST FOR PRODUCTION NO. 3: All cash journal ledgers, and whatever forms were used to verify checks prior to redeposit, prepared at any time between July 1, 2003 and March 1,

2004 by each of the top ten debt collectors identified in response to Interrogatory No. 13 served simultaneously with this request.

RESPONSE: NCO objects to this request as vague, ambiguous, overly broad and seeking irrelevant information, burdensome, harassing in nature, and seeking personal and/or confidential information protected by state and federal law. Notwithstanding such objections, NCO has no ability to produce " All cash journal ledgers, and whatever forms were used to verify checks prior to redeposit, prepared at any time between July 1, 2003 and March 1, 2004 by each of the top ten debt collectors identified in response to Interrogatory No. 13 served simultaneously with this request."

SUPPLEMENTAL RESPONSE: No further response is required.

REQUEST FOR PRODUCTION NO. 4: Any correspondence, report or other document, as defined in the Plaintiff's First Set of Interrogatories Directed to Defendant, and including but not limited to e-mail, prepared at any time between January 1, 2003 and March 2004, which was (1) transmitted to Kathy Obershain [sic] from any individual or individuals employed by the Defendant in its Dover, Delaware office, or (2) transmitted from Kathy Obershain [sic] to any individual or individuals employed by the Defendant in the Dover, Delaware office.

RESPONSE: NCO objects to this request as vague, ambiguous, overly broad and seeking irrelevant information, burdensome, harassing in nature, and seeking personal and/or confidential information protected by state and federal law. Notwithstanding such objections, NCO has no ability to produce " Any correspondence, report or other document, as defined in the Plaintiff's First Set of Interrogatories Directed to Defendant, and including but not limited to e-mail, prepared at any time between January 1, 2003 and March 2004, which was (1) transmitted to Kathy Obershain [sic] from any individual or individuals employed by the Defendant in its

Dover, Delaware office, or (2) transmitted from Kathy Obershain [sic] to any individual or individuals employed by the Defendant in the Dover, Delaware office."

SUPPLEMENTAL RESPONSE: Plaintiff's request for any correspondence, report or other document for a number of years was overly broad and too burdensome for NCO to attempt a response prior to plaintiff narrowing the request. This request would yield thousands, if not tens of thousands, of irrelevant e-mails. NCO will attempt to respond to this request after plaintiff has drastically confined the scope of the requests.

REQUEST FOR PRODUCTION NO. 5: Any form of document (such as, but not limited to, a cash ledger, monthly report, tape recording, hold check request, u-deposit form, post-date check form, NSF report form) utilized by Defendant at any time during the period January 1, 2003 to March 1, 2004, if it provided information regarding:

(a) any check that was redeposited in a bank after being returned for insufficient funds; or

(b) verification by the debtor or bank that there were funds available to cover payment of a check (hereafter "Verification").

RESPONSE: NCO objects to this request as vague, ambiguous, overly broad and seeking irrelevant information, burdensome, harassing in nature, and seeking personal and/or confidential information protected by state and federal law. NCO does not understand the request as worded. Notwithstanding such objections, NCO has no ability to produce "Any form of document (such as, but not limited to, a cash ledger, monthly report, tape recording, hold check request, u-deposit form, post-date check form, NSF report form) utilized by Defendant at any time during the period January 1, 2003 to March 1, 2004, if it provided information regarding:

(a) any check that was redeposited in a bank after being returned for insufficient funds; or

(b) verification by the debtor or bank that there were funds available to cover payment of a check (hereafter "Verification")."

SUPPLEMENTAL RESPONSE: Plaintiff's request for any form of document for a number of years is overly broad and too burdensome for NCO to attempt a response prior to plaintiff drastically narrowing the request.

REQUEST FOR PRODUCTION NO. 6: Any document (company-wide) that reflects that any check was redeposited at any time during the period July 1, 2003 to February 1, 2004, and for each check, copies of any document that reflects verification was made prior to redepositing.

RESPONSE: NCO objects to this request as vague, ambiguous, overly broad and seeking irrelevant information, burdensome, harassing in nature, and seeking personal and/or confidential information protected by state and federal law. Notwithstanding such objections, NCO has no ability to produce " Any document (company-wide) that reflects that any check was redeposited at any time during the period July 1, 2003 to February 1, 2004, and for each check, copies of any document that reflects verification was made prior to redepositing."

SUPPLEMENTAL RESPONSE: No further response is necessary.

REQUEST FOR PRODUCTION NO. 7: Any document that was utilized at any time during the period July 1, 2003 to March 1, 2004, which provides any information regarding any check that was deposited into a bank but returned because there were not sufficient funds to cover it.

RESPONSE: NCO objects to this request as vague, ambiguous, overly broad, burdensome, harassing in nature, and seeking irrelevant information. Notwithstanding such objections, and based upon NCO's interpretation of this request, NCO has no ability to produce " Any document

5

that was utilized at any time during the period July 1, 2003 to March 1, 2004, which provides any information regarding any check that was deposited into a bank but returned because there were not sufficient funds to cover it."

SUPPLEMENTAL RESPONSE:    No further response is necessary.

REQUEST FOR PRODUCTION NO. 8:    Any document that was utilized at any time during the period July 1, 2003 to March 1, 2004, which provides any information regarding any check that was redeposited into a bank but returned because there were not sufficient funds to cover it.

RESPONSE: NCO objects to this request as vague, ambiguous, overly broad, and seeking irrelevant documents. Notwithstanding such objections, NCO has no ability to produce " Any document that was utilized at any time during the period July 1, 2003 to March 1, 2004, which provides any information regarding any check that was redeposited into a bank but returned because there were not sufficient funds to cover it."

SUPPLEMENTAL RESPONSE:    No further response is necessary.

REQUEST FOR PRODUCTION NO. 9:    Any document contained in the personnel file of Matthew Lane.

RESPONSE: NCO objects to this request as overly broad, seeking irrelevant documents, and seeking documents containing personal and/or confidential information protected by state and federal law. Notwithstanding such objections, NCO will produce documents from Mr. Lane's personnel file memorializing Mr. Lane's termination at a mutually agreeable time and place.

SUPPLEMENTAL RESPONSE:    NCO has produced documents from Mr. Lane's personnel file memorializing Mr. Lane's termination.

REQUEST FOR PRODUCTION NO. 10:   Any document that reflects any agreement made between the Defendant and Matthew Lane after his employment was terminated by the Defendant.

RESPONSE:  NCO objects to this request as seeking information protected by the attorney client and/or work product privileges, seeking irrelevant documents, and seeking documents protected by a confidentiality agreement between NCO and Mr. Lane.

SUPPLEMENTAL RESPONSE:    No further response is necessary.

REQUEST FOR PRODUCTION NO. 11:   Any document considered by Defendant in reaching the agreement with Mr. Lane, as referenced in the preceding request.

RESPONSE:  NCO objects to this request as seeking information protected by the attorney client and/or work product privileges, seeking irrelevant documents, and seeking documents protected by a confidentiality agreement between NCO and Mr. Lane.

SUPPLEMENTAL RESPONSE:    No further response is necessary.

REQUEST FOR PRODUCTION NO. 12:   Any tape recording of any conversation between Plaintiff and any person as it relates to the discharge of Mr. Lane by Defendant.

RESPONSE: NCO objects to this request as vague, ambiguous, and overly broad. Notwithstanding such objections, NCO will produce relevant transcript(s) of conversations between plaintiff and other persons relating to the discharge of Mr. Lane at a mutually agreeable time and place.

SUPPLEMENTAL RESPONSE:    NCO has produced all transcripts relating to the discharge of Mr. Lane.

REQUEST FOR PRODUCTION NO. 13:   Any other document which reflects on or is related to the reasons for entering the agreement between the Defendant and Mr. Lane.

7

RESPONSE: NCO objects to this request as vague, ambiguous, repetitious, seeking irrelevant documents, and seeking documents protected by the attorney client and/or work product privileges.

SUPPLEMENTAL RESPONSE: No further response is necessary.

REQUEST FOR PRODUCTION NO. 14: Any document that contains information regarding the reasons for the termination of employment by Defendant of Bill Savage.

RESPONSE: NCO objects to this request as seeking irrelevant documents, and seeking documents protected by the attorney client and/or work product privileges. Notwithstanding such objections, NCO will produce the documents memorializing Mr. Savage's termination and reasons for termination at a mutually agreeable time and place.

SUPPLEMENTAL RESPONSE: NCO has produced the documents memorializing Mr. Savage's termination and reasons for termination. Additionally, plaintiff has produced a transcript memorializing a conversation regarding Mr. Savage's behavior and NCO's necessary response to his behavior.

REQUEST FOR PRODUCTION NO. 15: Any document containing a charge of discrimination filed against Defendant with the EEOC or any State agency.

RESPONSE: NCO objects to this request as vague, ambiguous, overly broad in both time and geographic scope, seeking irrelevant information, burdensome, and harassing in nature. Notwithstanding such objections, NCO will produce plaintiff's Charge of Discrimination and the position statement that NCO submitted to the EEOC and/or state agency regarding plaintiff's Charge of Discrimination at a mutually agreeable time and place.

RLF1-2934181-1

SUPPLEMENTAL RESPONSE: NCO has produced plaintiff's Charge of Discrimination and the position statement that NCO submitted to the EEOC and/or state agency regarding plaintiff's Charge of Discrimination.

REQUEST FOR PRODUCTION NO. 16: Any document identified in the interrogatories served simultaneously with these requests identified in any answer to such interrogatories.

RESPONSE: Please see responses to interrogatories.

SUPPLEMENTAL RESPONSE: NCO has produced all documents identified in the interrogatories.

REQUEST FOR PRODUCTION NO. 17: Any document which Defendant intends to use during the trial of this litigation.

RESPONSE: NCO objects to this request as premature, as it has not determined which documents it will use during the trial of this litigation. NCO reserves the right to supplement this response as discovery and investigation continue.

SUPPLEMENTAL RESPONSE: No further response is necessary.

REQUEST FOR PRODUCTION NO. 18: Copies of Defendant's annual financial statements for calendar year 2004.

RESPONSE: NCO objects to this request as vague, ambiguous, and seeking irrelevant information. Notwithstanding such objections, NCO is a publicly traded company and plaintiff has access to NCO's financial information made public in 2004 as such.

SUPPLEMENTAL RESPONSE: No further response is necessary.

REQUEST FOR PRODUCTION NO. 19: Any document that contains any policy or procedure utilized by the Defendant at any time between January 1, 2000 and June 30, 2005 that pertains to the redepositing of checks or authorization for the redepositing of checks.

9

RESPONSE: NCO objects to this request as vague, ambiguous, and overly broad. Notwithstanding such objections, NCO will produce relevant check handling policies at a mutually agreeable time and place.

SUPPLEMENTAL RESPONSE:    NCO has produced relevant check handling policies.

REQUEST FOR PRODUCTION NO. 20:    Any document that contains a policy or procedure utilized by the Defendant at any time between January 1, 2000 and June 30, 2005 that varies in any respect from the "check handling procedures" referenced in Exhibit A to the interrogatories.

RESPONSE: NCO objects to this request as vague and ambiguous. Notwithstanding such objections, and based upon NCO's interpretation of this request, NCO does not possess documents responsive to this request.

SUPPLEMENTAL RESPONSE:    No further response is necessary.

REQUEST FOR PRODUCTION NO. 21:    If any document produced in response to Request 18 or 19, supra, does not indicate the effective date of the policy or procedure, any document that reflects such date.

RESPONSE: NCO objects to this request as vague and ambiguous. Notwithstanding such objections, see responses to Requests 18 and 19 above.

SUPPLEMENTAL RESPONSE:    No further response is necessary.

REQUEST FOR PRODUCTION NO. 22:    Any document that reflects the date(s) upon which any policy or procedure produced in response to Request 18 or 19, stopped being effective.

RESPONSE: NCO objects to this request as vague and ambiguous. NCO cannot respond to this request as worded. Notwithstanding such objections, see responses to Requests 18 and 19 above.

SUPPLEMENTAL RESPONSE:    No further response is necessary.

10

/s/ Jennifer C. Jauffret
Jennifer C. Jauffret (#3689)
jauffret@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899
Telephone (302) 651-7700

Of Counsel:
David Israel
Sessions, Fishman & Nathan, L.L.P.
201 St. Charles Ave., Suite 3500
New Orleans, Louisiana 70170-350

Elizabeth K. Fite
Law Office of Elizabeth Fite, P.A.
15316 N. Florida Avenue, Suite 100
Tampa, Florida 33613


Dated: October 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2005, true and correct copies of the foregoing were caused to be served on counsel of record at the following address as indicated:

### BY FEDERAL EXPRESS

Jeremy W. Homer, Esq.
Parkowski, Guerke & Swayze, P.A.
116 West Water Street, P.O. Box 598
Dover, DE 19903

_____
Alyssa M. Schwartz (#4351)

RLF1-2858153-1