## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE HUE, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 05-225-KAJ |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| NCO FINANCIAL SYSTEMS, INC., a | : | |
| Delaware corporation, trading as | : | |
| NCO FINANCIAL COMMERCIAL SERVICES | : | |
| | : | |
| Defendant. | : | |

## NCO FINANCIAL SYSTEMS, INC.'S UNOPPOSED MOTION FOR
## LEAVE TO AMEND ITS ANSWER

Pursuant to Federal Rule of Civil Procedure 15 and District of Delaware Local Rule 15.1,

defendant NCO Financial Systems, Inc. ("NCO") moves for an order granting leave to file an

amended answer, counterclaims and affirmative defenses (the "Motion"). A copy of the

proposed amended answer, counterclaims and affirmative defenses and a copy noting the

proposed changes are attached hereto as Exhibit A and Exhibit B, respectively.

Plaintiff does not oppose this motion. Accordingly, NCO respectfully requests that its

Motion be granted.

OF COUNSEL:

David Israel
Sessions, Fishman & Nathan, L.L.P.
201 St. Charles Ave., Suite 3500
New Orleans, Louisiana 70170-350
Telephone: (504) 582-1500

Elizabeth K. Fite
Law Office of Elizabeth Fite, P.A.
15316 N. Florida Avenue, Suite 100
Tampa, Florida 33613
Telephone: (813) 908-6121

Dated: November 3, 2005

Jennifer C. Jauffret (#3689)
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
jauffret@rlf.com
schwartz@rlf.com

*Attorneys for NCO Financial Systems, Inc.*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VALERIE HUE,                                    :
                                                :
        Plaintiff and                           :
        Counterclaim-Defendant,                 :
                                                :       C.A. No. 05-225-KAJ
    v.                                          :
                                                :
NCO FINANCIAL SYSTEMS, INC., a                  :
Delaware corporation, trading as               :       JURY TRIAL DEMANDED
NCO FINANCIAL COMMERCIAL SERVICES,              :
                                                :
        Defendant and                           :
        Counterclaim-Plaintiff.                 :

## NCO FINANCIAL SYSTEMS, INC.'S AMENDED ANSWER, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Defendant NCO Financial Systems, Inc. ("NCO"), by and through its undersigned counsel, submits this Answer, Counterclaims and Affirmative Defenses to plaintiff's Complaint and states as follows:

### ANSWER

1.      NCO admits that plaintiff purports to bring an action pursuant to 42 U.S.C. § 1981 and Title VII as alleged in ¶ 1 of the Complaint, and further admits that jurisdiction exists by virtue of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5. Notwithstanding such admissions, NCO denies any liability or wrongdoing under the law.

2.      NCO admits the allegations in ¶ 2 of the Complaint based upon information and belief.

3.      NCO admits the allegations in ¶ 3 of the Complaint, except to aver that NCO is a Pennsylvania corporation.

4.      NCO denies the allegations in ¶ 4 of the Complaint, except to admit that NCO has an office in Delaware at the stated address.

5.      NCO admits that it employs more than fifteen employees, but denies any remaining allegations in ¶ 5 of the Complaint.

6.      NCO denies the allegations in ¶ 6 of the Complaint.

7.      NCO denies the allegations in ¶ 7 of the Complaint.

8.      NCO admits that plaintiff filed charges with the Department of Labor as alleged in ¶ 8 of the Complaint, but denies any discriminatory conduct or wrongdoing under the law.

9.      NCO admits that plaintiff filed charges with the EEOC as alleged in ¶ 9 of the Complaint, but denies any discriminatory conduct or wrongdoing under the law.

10.     NCO admits the allegations in ¶ 10 of the Complaint, but denies for a lack of information when plaintiff received the Notice of Right to Sue from the EEOC.

11.     NCO admits that plaintiff purports to bring suit for unlawful discrimination as alleged in ¶ 11 (A) – (D) of the Complaint, but denies any discriminatory conduct or wrongdoing under the law.

12.     NCO denies the allegations in ¶ 12 of the Complaint.

13.     NCO admits that plaintiff attached a copy of the charges filed with the EEOC, but denies any remaining allegations in ¶ 13 of the Complaint and denies any discriminatory conduct or wrongdoing under the law.

14.     NCO denies the allegations in ¶ 14 of the Complaint.

15.     NCO admits that plaintiff was the only General Manager of NCO's Commercial Collection Division who was both African American and female at the time plaintiff was terminated. To the extent that ¶ 15 of the Complaint states otherwise, it is denied.

2

16.    NCO denies the allegations in ¶ 16 of the Complaint.

17.    NCO denies the allegations in ¶ 17 of the Complaint.

18.    NCO admits to terminating plaintiff because she committed intentional acts of wrongdoing, some of which were fraudulent in nature, but all of which violated NCO's policies. To the extent that ¶ 18 of the Complaint states otherwise, it is denied.

19.    NCO admits the allegations in ¶ 19 of the Complaint, except to aver that plaintiff is in the best position to describe her wrongful conduct.

20.    NCO denies the allegations in ¶ 20 of the Complaint.

21.    NCO denies the allegations in ¶ 21 of the Complaint.

22.    NCO denies the allegations in ¶ 22 of the Complaint.

23.    NCO denies the allegations in ¶ 23 of the Complaint.

24.    Without at this point knowing the timeframe and subject to further investigation, NCO admits that plaintiff provided a written statement to NCO as alleged in ¶ 24 of the Complaint, but denies any liability or wrongdoing under the law.

25.    NCO admits the allegations in ¶ 25 of the Complaint, except to aver that Mr. Savage was discharged solely due to allegations made by plaintiff.

26.    NCO cannot understand ¶ 26 of the Complaint as worded. Notwithstanding such objection and based upon NCO's interpretation of ¶ 26, it is denied.

27.    NCO admits that Mr. Fox was promoted as alleged in ¶ 27 of the Complaint, but denies the remaining allegations in ¶ 27 of the Complaint. NCO avers that there was no retaliatory conduct against plaintiff by Mr. Fox.

28.    NCO denies that Mr. Fox discharged plaintiff, and further denies any other allegations in ¶ 28 of the Complaint.

3

29.     NCO denies the allegations in ¶ 29 of the Complaint.

30.     NCO denies the allegations in ¶ 30 of the Complaint based upon lack of sufficient information and/or knowledge to form a belief therein.  Defendant avers that to the extent any compliment was ever given to plaintiff, such compliment had no bearing regarding plaintiff's wrongful conduct.

31.     NCO denies the allegations in ¶ 31 of the Complaint.

32.     NCO denies the allegations in ¶ 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Assuming that plaintiff has suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### SECOND AFFIRMATIVE DEFENSE

All actions taken by NCO with respect to plaintiff were made without malice, in good faith, and for legitimate business reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped by reason of her conduct, acts, or omissions from recovering against NCO on any purported claims for relief contained herein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff, by her acts or omissions, has waived any and all claims and purported claims for relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred in equity from recovering on her Complaint, or on any claim contained therein, under the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that it discriminated or retaliated against plaintiff in any of its employment decisions regarding plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that plaintiff was adversely affected at any time during her employment because of her race, color, gender, age, or because of any complaints of harassment or discrimination.

## EIGHTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that any of its agents took any discriminatory or retaliatory action against plaintiff.

## NINTH AFFIRMATIVE DEFENSE

NCO affirmatively avers that adequate company policies existed with respect to plaintiff's claims.

## TENTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that plaintiff sustained any damages as alleged in her Complaint as a result of any action of NCO.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are false and plaintiff is subject to attorney's fees and costs for NCO having to answer this frivolously filed action.

## TWELFTH AFFIRMATIVE DEFENSE

NCO affirmatively avers that plaintiff's claims are barred by the "same actor" defense, because the same actor participated in plaintiff's promotion and termination and a presumption arises that the termination was not the result of an improper discriminatory motive.

5

## COUNTERCLAIMS

Counterclaim-plaintiff, NCO Financial Systems, Inc. ("NCO"), by and through undersigned counsel, for its counterclaims against Valerie Hue ("Hue") alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action for: (1) breach of the implied covenant of good faith and fair dealing, (2) indemnification for monetary losses resulting from Hue's wrongful conduct, (3) breach of the duty of loyalty, and (4) intentional policy violations.

2.      NCO seeks compensatory damages, injunctive relief and reasonable attorneys' fees.

## JURISDICTION AND VENUE

3.      Jurisdiction in the United States District Court for the District of Delaware is proper under Fed. R. Civ. P. 13(a) and 28 U.S.C.A. 1332(a). The counterclaims involve occurrences that make up the subject matter of Hue's claims against NCO, and the parties are completely diverse.

4.      Venue is proper because the acts and omissions giving rise to these counterclaims occurred in Delaware, Hue is an individual residing in Sussex County, Delaware, and Hue was formerly employed by NCO as a General Manager of corporate collections in Delaware.

## FACTS

5.      NCO is a Pennsylvania corporation that performs accounts receivable services for clients, including bad debt collection. NCO regularly conducts business in Delaware and operated a call-center in Delaware where Hue was employed with NCO.

6.      Hue intentionally and persistently committed wrongful acts and policy violations against NCO by condoning, directing and participating in the wrongful act of resubmitting

6

debtors' returned checks to banks, where the checks were drawn, without the debtors' consent or authorization as required by NCO. Hue would resubmit bounced checks without authorization, causing insufficient fund charges to accrue against the debtors, until and unless the debtors deposited money into the account and paid NCO. Hue violated NCO's policy and procedures by wrongfully resubmitting checks because commissions and/or bonuses would be paid to her based upon her and her staffs' collections. Checks resubmitted would create an improper creation of commissions for Hue and her staff.

7      Hue directed her subordinates to commit wrongful and acts and policy violations by wrongfully resubmitting bounced checks against NCO policy and without the debtors' permission. Hue caused and participated in the termination of an NCO employee under her supervision who acted on Hue's directions to wrongfully resubmit a check returned for insufficient funds. The employee was terminated, in part, based upon Hue's motivations.

## COUNT I: VIOLATIONS OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff realleges paragraphs 1 - 7 as if fully restated herein and further states:

8.      Hue breached the implied covenant of good faith and fair dealing inherent in Delaware employment relationships. The implied covenant requires a party in a relationship to refrain from arbitrary or unreasonable conduct.

9.      Hue is subject to and has violated the implied covenant of good faith and fair dealing by engaging in conduct described in ¶¶ 6-7.

10.      NCO has been damaged by Hue's conduct by: (1) the loss of a trained, qualified employee who Hue corrupted then terminated; (2) NCO's exposure to liability for Hue's wrongful conduct of repeatedly attempting to redeposit checks that were returned for insufficient

funds without the debtors' express prior approval of the redeposit; and (3) the payment of unearned commissions and/or bonuses for moneys earned from Hue's wrongful conduct.

## COUNT II – INDEMNIFICATION/UNJUST ENRICHMENT

Plaintiff realleges paragraphs 1 - 10 as if fully restated herein and further states:

11.    NCO is entitled to indemnity from Hue for the loss of an employee who Hue directed to violate company policy and then terminated as a scapegoat for her own misdeeds. Hue was unjustly enriched by her own misconduct in obtaining commissions and/or bonuses by violating company policy.

## COUNT III– BREACH OF THE DUTY OF LOYALTY

Plaintiff realleges paragraphs 1 - 11 as if fully restated herein and further states:

12.    Hue violated her duty of loyalty to NCO because she used her position of trust and confidence to further her own private interests.   Hue intentionally misrepresented the collection activities taking place under her supervision and terminated an NCO employee for following her wrongful directions.

13.    The duty of loyalty requires a manager to refrain from doing anything that would work injury to the corporation, or to deprive it of profit or advantage.

14.    Hue's conscious disregard of known risks concerning her participation in the violations of company policy and procedure resulted in damage to NCO when it was forced to undergo investigation, accounting and legal fees, the termination of a trained employee, and damage control due to exposure to liability for Hue's act(s) of wrongfully resubmitting NSF checks without authorization.

## COUNT IV: INTENTIONAL POLICY VIOLATIONS

Plaintiff realleges paragraphs 1 - 14 as if fully restated herein and further states:

8

15.    Hue's misconduct served to improperly instruct and induce NCO to terminate an employee who was following directions from Hue.

16.    Hue also engaged in intentionally wrongful conduct and concealment when she deliberately and maliciously concealed that she was violating company policy for monetary gain and caused an NCO employee to be terminated.

## PRAYER FOR RELIEF

WHEREFORE, counterclaim-plaintiff, NCO Financial Systems, Inc., respectfully requests this Court enter judgment against counterclaim-defendant Valerie Hue as follows:

(a) Award NCO Financial Systems, Inc. damages relating to plaintiff's violation of the implied covenant of good faith and fair dealing, unjust enrichment, breach of loyalty, and intentional policy violations on the company;

(b) Dismiss the Complaint of Valerie Hue with prejudice, denying all her relief; and

(c) Award NCO Financial Systems, Inc. such other relief, including costs, as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

NCO Financial Systems, Inc. demands a trial by jury on all issues so triable.

OF COUNSEL:

David Israel
Sessions, Fishman & Nathan LLP
114 Northpark Boulevard, Suite 10
Covington, LA 70433

Elizabeth K. Fite
Law Office of Elizabeth Fite, P.A.
15316 N. Florida Avenue, Suite 100
Tampa, Florida 33613

Dated:  November 3, 2005

Jennifer C. Jauffret (#3689)
jauffret@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, Delaware 19899
Telephone No.: (302) 658-6541

9

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VALERIE HUE,        :

   Plaintiff,     :   C.A. No. 05-225-KAJ

           :

   v.        :

           :   JURY TRIAL DEMANDED

NCO FINANCIAL SYSTEMS, INC., a  :
Delaware corporation, trading as   :
NCO FINANCIAL COMMERCIAL SERVICES :

           :

   Defendant.    :

## NCO FINANCIAL SYSTEMS, INC.'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER

Pursuant to Federal Rule of Civil Procedure 15 and District of Delaware Local Rule 15.1, defendant NCO Financial Systems, Inc. ("NCO") moves for an order granting leave to file an amended answer, counterclaims and affirmative defenses (the "Motion"). A copy of the proposed amended answer, counterclaims and affirmative defenses and a copy noting the proposed changes are attached hereto as Exhibit A and Exhibit B, respectively.

Plaintiff does not oppose this motion. Accordingly, NCO respectfully requests that its Motion be granted.

OF COUNSEL:

David Israel
Sessions, Fishman & Nathan, L.L.P.
201 St. Charles Ave., Suite 3500
New Orleans, Louisiana 70170-350
Telephone: (504) 582-1500

Elizabeth K. Fite
Law Office of Elizabeth Fite, P.A.
15316 N. Florida Avenue, Suite 100
Tampa, Florida 33613
Telephone: (813) 908-6121

Dated: November 3, 2005

Jennifer C. Jauffret (#3689)
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
jauffret@rlf.com
schwartz@rlf.com

*Attorneys for NCO Financial Systems, Inc.*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE HUE, | : | |
| | : | |
| Plaintiff and | : | |
| Counterclaim-Defendant, | : | |
| | : | C.A. No. 05-225-KAJ |
| v. | : | |
| | : | |
| NCO FINANCIAL SYSTEMS, INC., a | : | |
| Delaware corporation, trading as | : | JURY TRIAL DEMANDED |
| NCO FINANCIAL COMMERCIAL SERVICES, | : | |
| | : | |
| Defendant and | : | |
| Counterclaim-Plaintiff. | : | |

### NCO FINANCIAL SYSTEMS, INC.'S AMENDED ANSWER,
### COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Defendant NCO Financial Systems, Inc. ("NCO"), by and through its undersigned counsel, submits this Answer, Counterclaims and Affirmative Defenses to plaintiff's Complaint and states as follows:

### ANSWER

1.     NCO admits that plaintiff purports to bring an action pursuant to 42 U.S.C. § 1981 and Title VII as alleged in ¶ 1 of the Complaint, and further admits that jurisdiction exists by virtue of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5. Notwithstanding such admissions, NCO denies any liability or wrongdoing under the law.

2.     NCO admits the allegations in ¶ 2 of the Complaint based upon information and belief.

3.     NCO admits the allegations in ¶ 3 of the Complaint, except to aver that NCO is a Pennsylvania corporation.

4.     NCO denies the allegations in ¶ 4 of the Complaint, except to admit that NCO has an office in Delaware at the stated address.

5.     NCO admits that it employs more than fifteen employees, but denies any remaining allegations in ¶ 5 of the Complaint.

6.     NCO denies the allegations in ¶ 6 of the Complaint.

7.     NCO denies the allegations in ¶ 7 of the Complaint.

8.     NCO admits that plaintiff filed charges with the Department of Labor as alleged in ¶ 8 of the Complaint, but denies any discriminatory conduct or wrongdoing under the law.

9.     NCO admits that plaintiff filed charges with the EEOC as alleged in ¶ 9 of the Complaint, but denies any discriminatory conduct or wrongdoing under the law.

10.     NCO admits the allegations in ¶ 10 of the Complaint, but denies for a lack of information when plaintiff received the Notice of Right to Sue from the EEOC.

11.     NCO admits that plaintiff purports to bring suit for unlawful discrimination as alleged in ¶ 11 (A) – (D) of the Complaint, but denies any discriminatory conduct or wrongdoing under the law.

12.     NCO denies the allegations in ¶ 12 of the Complaint.

13.     NCO admits that plaintiff attached a copy of the charges filed with the EEOC, but denies any remaining allegations in ¶ 13 of the Complaint and denies any discriminatory conduct or wrongdoing under the law.

14.     NCO denies the allegations in ¶ 14 of the Complaint.

15.     NCO admits that plaintiff was the only General Manager of NCO's Commercial Collection Division who was both African American and female at the time plaintiff was terminated. To the extent that ¶ 15 of the Complaint states otherwise, it is denied.

2

16.     NCO denies the allegations in ¶ 16 of the Complaint.

17.     NCO denies the allegations in ¶ 17 of the Complaint.

18.     NCO admits to terminating plaintiff because she committed intentional acts of wrongdoing, some of which were fraudulent in nature, but all of which violated NCO's policies. To the extent that ¶ 18 of the Complaint states otherwise, it is denied.

19.     NCO admits the allegations in ¶ 19 of the Complaint, except to aver that plaintiff is in the best position to describe her wrongful conduct.

20.     NCO denies the allegations in ¶ 20 of the Complaint.

21.     NCO denies the allegations in ¶ 21 of the Complaint.

22.     NCO denies the allegations in ¶ 22 of the Complaint.

23.     NCO denies the allegations in ¶ 23 of the Complaint.

24.     Without at this point knowing the timeframe and subject to further investigation, NCO admits that plaintiff provided a written statement to NCO as alleged in ¶ 24 of the Complaint, but denies any liability or wrongdoing under the law.

25.     NCO admits the allegations in ¶ 25 of the Complaint, except to aver that Mr. Savage was discharged solely due to allegations made by plaintiff.

26.     NCO cannot understand ¶ 26 of the Complaint as worded.  Notwithstanding such objection and based upon NCO's interpretation of ¶ 26, it is denied.

27.     NCO admits that Mr. Fox was promoted as alleged in ¶ 27 of the Complaint, but denies the remaining allegations in ¶ 27 of the Complaint.  NCO avers that there was no retaliatory conduct against plaintiff by Mr. Fox.

28.     NCO denies that Mr. Fox discharged plaintiff, and further denies any other allegations in ¶ 28 of the Complaint.

29.    NCO denies the allegations in ¶ 29 of the Complaint.

30.    NCO denies the allegations in ¶ 30 of the Complaint based upon lack of sufficient information and/or knowledge to form a belief therein. Defendant avers that to the extent any compliment was ever given to plaintiff, such compliment had no bearing regarding plaintiff's wrongful conduct.

31.    NCO denies the allegations in ¶ 31 of the Complaint.

32.    NCO denies the allegations in ¶ 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Assuming that plaintiff has suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### SECOND AFFIRMATIVE DEFENSE

All actions taken by NCO with respect to plaintiff were made without malice, in good faith, and for legitimate business reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped by reason of her conduct, acts, or omissions from recovering against NCO on any purported claims for relief contained herein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff, by her acts or omissions, has waived any and all claims and purported claims for relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred in equity from recovering on her Complaint, or on any claim contained therein, under the doctrine of unclean hands.

4

## SIXTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that it discriminated or retaliated against plaintiff in any of its employment decisions regarding plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that plaintiff was adversely affected at any time during her employment because of her race, color, gender, age, or because of any complaints of harassment or discrimination.

## EIGHTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that any of its agents took any discriminatory or retaliatory action against plaintiff.

## NINTH AFFIRMATIVE DEFENSE

NCO affirmatively avers that adequate company policies existed with respect to plaintiff's claims.

## TENTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that plaintiff sustained any damages as alleged in her Complaint as a result of any action of NCO.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are false and plaintiff is subject to attorney's fees and costs for NCO having to answer this frivolously filed action.

## TWELFTH AFFIRMATIVE DEFENSE

NCO affirmatively avers that plaintiff's claims are barred by the "same actor" defense, because the same actor participated in plaintiff's promotion and termination and a presumption arises that the termination was not the result of an improper discriminatory motive.

5

## COUNTERCLAIMS

Counterclaim-plaintiff, NCO Financial Systems, Inc. ("NCO"), by and through undersigned counsel, for its counterclaims against Valerie Hue ("Hue") alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action for: (1) breach of the implied covenant of good faith and fair dealing, (2) indemnification for monetary losses resulting from Hue's wrongful conduct, (3) breach of the duty of loyalty, and (4) intentional policy violations.

2.      NCO seeks compensatory damages, injunctive relief and reasonable attorneys' fees.

## JURISDICTION AND VENUE

3.      Jurisdiction in the United States District Court for the District of Delaware is proper under Fed. R. Civ. P. 13(a) and 28 U.S.C.A. 1332(a).   The counterclaims involve occurrences that make up the subject matter of Hue's claims against NCO, and the parties are completely diverse.

4.      Venue is proper because the acts and omissions giving rise to these counterclaims occurred in Delaware, Hue is an individual residing in Sussex County, Delaware, and Hue was formerly employed by NCO as a General Manager of corporate collections in Delaware.

## FACTS

5.      NCO is a Pennsylvania corporation that performs accounts receivable services for clients, including bad debt collection.   NCO regularly conducts business in Delaware and operated a call-center in Delaware where Hue was employed with NCO.

6.      Hue intentionally and persistently committed wrongful acts and policy violations against NCO by condoning, directing and participating in the wrongful act of resubmitting

debtors' returned checks to banks, where the checks were drawn, without the debtors' consent or authorization as required by NCO. Hue would resubmit bounced checks without authorization, causing insufficient fund charges to accrue against the debtors, until and unless the debtors deposited money into the account and paid NCO. Hue violated NCO's policy and procedures by wrongfully resubmitting checks because commissions and/or bonuses would be paid to her based upon her and her staffs' collections. Checks resubmitted would create an improper creation of commissions for Hue and her staff.

7    Hue directed her subordinates to commit wrongful and acts and policy violations by wrongfully resubmitting bounced checks against NCO policy and without the debtors' permission. Hue caused and participated in the termination of an NCO employee under her supervision who acted on Hue's directions to wrongfully resubmit a check returned for insufficient funds. The employee was terminated, in part, based upon Hue's motivations.

## COUNT I: VIOLATIONS OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff realleges paragraphs 1 - 7 as if fully restated herein and further states:

8.    Hue breached the implied covenant of good faith and fair dealing inherent in Delaware employment relationships. The implied covenant requires a party in a relationship to refrain from arbitrary or unreasonable conduct.

9.    Hue is subject to and has violated the implied covenant of good faith and fair dealing by engaging in conduct described in ¶¶ 6-7.

10.    NCO has been damaged by Hue's conduct by: (1) the loss of a trained, qualified employee who Hue corrupted then terminated; (2) NCO's exposure to liability for Hue's wrongful conduct of repeatedly attempting to redeposit checks that were returned for insufficient

funds without the debtors' express prior approval of the redeposit; and (3) the payment of unearned commissions and/or bonuses for moneys earned from Hue's wrongful conduct.

## COUNT II – INDEMNIFICATION/UNJUST ENRICHMENT

Plaintiff realleges paragraphs 1 - 10 as if fully restated herein and further states:

11.    NCO is entitled to indemnity from Hue for the loss of an employee who Hue directed to violate company policy and then terminated as a scapegoat for her own misdeeds. Hue was unjustly enriched by her own misconduct in obtaining commissions and/or bonuses by violating company policy.

## COUNT III– BREACH OF THE DUTY OF LOYALTY

Plaintiff realleges paragraphs 1 - 11 as if fully restated herein and further states:

12.    Hue violated her duty of loyalty to NCO because she used her position of trust and confidence to further her own private interests.  Hue intentionally misrepresented the collection activities taking place under her supervision and terminated an NCO employee for following her wrongful directions.

13.    The duty of loyalty requires a manager to refrain from doing anything that would work injury to the corporation, or to deprive it of profit or advantage.

14.    Hue's conscious disregard of known risks concerning her participation in the violations of company policy and procedure resulted in damage to NCO when it was forced to undergo investigation, accounting and legal fees, the termination of a trained employee, and damage control due to exposure to liability for Hue's act(s) of wrongfully resubmitting NSF checks without authorization.

## COUNT IV: INTENTIONAL POLICY VIOLATIONS

Plaintiff realleges paragraphs 1 - 14 as if fully restated herein and further states:

8

15.    Hue's misconduct served to improperly instruct and induce NCO to terminate an employee who was following directions from Hue.

16.    Hue also engaged in intentionally wrongful conduct and concealment when she deliberately and maliciously concealed that she was violating company policy for monetary gain and caused an NCO employee to be terminated.

## PRAYER FOR RELIEF

WHEREFORE, counterclaim-plaintiff, NCO Financial Systems, Inc., respectfully requests this Court enter judgment against counterclaim-defendant Valerie Hue as follows:

(a) Award NCO Financial Systems, Inc. damages relating to plaintiff's violation of the implied covenant of good faith and fair dealing, unjust enrichment, breach of loyalty, and intentional policy violations on the company;

(b) Dismiss the Complaint of Valerie Hue with prejudice, denying all her relief; and

(c) Award NCO Financial Systems, Inc. such other relief, including costs, as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

NCO Financial Systems, Inc. demands a trial by jury on all issues so triable.

OF COUNSEL:

David Israel
Sessions, Fishman & Nathan LLP
114 Northpark Boulevard, Suite 10
Covington, LA 70433

Elizabeth K. Fite
Law Office of Elizabeth Fite, P.A.
15316 N. Florida Avenue, Suite 100
Tampa, Florida 33613

Dated: November 3, 2005

Jennifer C. Jauffret (#3689)
jauffret@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, Delaware 19899
Telephone No.: (302) 658-6541

9

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VALERIE HUE,                                         :

                                                     :

        Plaintiff, and                               :
        Counterclaim-Defendant,                      :
        Civil Action                                 :          C.A. No.: 05-225-KAJ

                                                     :

        v.                                           :

NCO FINANCIAL SYSTEMS, INC., a                       :
Delaware corporation, trading as ─ :                 :     JURY TRIAL DEMANDED
NCO FINANCIAL COMMERICAL COMMERCIAL SERVICES, :
                                                     :
        Defendant. and                               :
        Counterclaim-Plaintiff.                      :

### DEFENDANT NCO'S NCO FINANCIAL SYSTEMS, INC.'S AMENDED ANSWER, COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Defendant NCO Financial Systems, Inc. ("NCO"), by and through its undersigned counsel, submits this Answer, Counterclaims and Affirmative Defenses to plaintiff's Complaint and states as follows:

### ANSWER

1.      NCO admits that plaintiff purports to bring an action pursuant to 42 U.S.C. § 1981 and Title VII as alleged in ¶ 1 of the Complaint, and further admits that jurisdiction exists by virtue of 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5. Notwithstanding such admissions, NCO denies any liability or wrongdoing under the law.

2.      NCO admits the allegations in ¶ 2 of the Complaint based upon information and belief.

3.      NCO admits the allegations in ¶ 3 of the Complaint, except to aver that NCO is a Pennsylvania corporation.

4.    NCO denies the allegations in ¶ 4 of the Complaint, except to admit that NCO has an office in Delaware at the stated address.

5.    NCO admits that it employs more than fifteen employees, but denies any remaining allegations in ¶ 5 of the Complaint.

6.    NCO denies the allegations in ¶ 6 of the Complaint.

7.    NCO denies the allegations in ¶ 7 of the Complaint.

8.    NCO admits that plaintiff filed charges with the Department of Labor as alleged in ¶ 8 of the Complaint, but denies any discriminatory conduct or wrongdoing under the law.

9.    NCO admits that plaintiff filed charges with the EEOC as alleged in ¶ 9 of the Complaint, but denies any discriminatory conduct or wrongdoing under the law.

10.    NCO admits the allegations in ¶ 10 of the Complaint, but denies for a lack of information when plaintiff received the Notice of Right to Sue from the EEOC.

11.    NCO admits that plaintiff purports to bring suit for unlawful discrimination as alleged in ¶ 11 (A) – (D) of the Complaint, but denies any discriminatory conduct or wrongdoing under the law.

12.    NCO denies the allegations in ¶ 12 of the Complaint.

13.    NCO admits that plaintiff attached a copy of the charges filed with the EEOC, but denies any remaining allegations in ¶ 13 of the Complaint and denies any discriminatory conduct or wrongdoing under the law.

14.    NCO denies the allegations in ¶ 14 of the Complaint.

15.    NCO admits that plaintiff was the only General Manager of NCO's Commercial Collection Division who was both African American and female at the time plaintiff was terminated. To the extent that ¶ 15 of the Complaint states otherwise, it is denied.

2

16.    NCO denies the allegations in ¶ 16 of the Complaint.

17.    NCO denies the allegations in ¶ 17 of the Complaint.

18.    NCO admits to terminating plaintiff because she committed intentional acts of wrongdoing, some of which were fraudulent in nature, but all of which violated NCO's policies. To the extent that ¶ 18 of the Complaint states otherwise, it is denied.

19.    NCO admits the allegations in ¶ 19 of the Complaint, except to aver that plaintiff is in the best position to describe her wrongful conduct.

20.    NCO denies the allegations in ¶ 20 of the Complaint.

21.    NCO denies the allegations in ¶ 21 of the Complaint.

22.    NCO denies the allegations in ¶ 22 of the Complaint.

23.    NCO denies the allegations in ¶ 23 of the Complaint.

24.    Without at this point knowing the timeframe and subject to further investigation, NCO admits that plaintiff provided a written statement to NCO as alleged in ¶ 24 of the Complaint, but denies any liability or wrongdoing under the law.

25.    NCO admits the allegations in ¶ 25 of the Complaint, except to aver that Mr. Savage was discharged solely due to allegations made by plaintiff.

26.    NCO cannot understand ¶ 26 of the Complaint as worded. Notwithstanding such objection and based upon NCO's interpretation of ¶ 26, it is denied.

27.    NCO admits that Mr. Fox was promoted as alleged in ¶ 27 of the Complaint, but denies the remaining allegations in ¶ 27 of the Complaint. NCO avers that there was no retaliatory conduct against plaintiff by Mr. Fox.

28.    NCO denies that Mr. Fox discharged plaintiff, and further denies any other allegations in ¶ 28 of the Complaint.

3

29.    NCO denies the allegations in ¶ 29 of the Complaint.

30.    NCO denies the allegations in ¶ 30 of the Complaint based upon lack of sufficient information and/or knowledge to form a belief therein.  Defendant avers that to the extent any compliment was ever given to plaintiff, such compliment had no bearing regarding plaintiff's wrongful conduct.

31.    NCO denies the allegations in ¶ 31 of the Complaint.

32.    NCO denies the allegations in ¶ 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Assuming that plaintiff has suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

### SECOND AFFIRMATIVE DEFENSE

All actions taken by NCO with respect to plaintiff were made without malice, in good faith, and for legitimate business reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped by reason of her conduct, acts, or omissions from recovering against NCO on any purported claims for relief contained herein.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff, by her acts or omissions, has waived any and all claims and purported claims for relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred in equity from recovering on her Complaint, or on any claim contained therein, under the doctrine of unclean hands.

4

## SIXTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that it discriminated or retaliated against plaintiff in any of its employment decisions regarding plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that plaintiff was adversely affected at any time during her employment because of her race, color, gender, age, or because of any complaints of harassment or discrimination.

## EIGHTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that any of its agents took any discriminatory or retaliatory action against plaintiff.

## NINTH AFFIRMATIVE DEFENSE

NCO affirmatively avers that adequate company policies existed with respect to plaintiff's claims.

## TENTH AFFIRMATIVE DEFENSE

NCO affirmatively denies that plaintiff sustained any damages as alleged in her Complaint as a result of any action of NCO.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations are false and plaintiff is subject to attorney's fees and costs for NCO having to answer this frivolously filed action.

## ~~TWELTH~~TWELFTH AFFIRMATIVE DEFENSE

NCO affirmatively avers that plaintiff's claims are barred by the "same actor" defense, because the same actor participated in plaintiff's promotion and termination and a presumption arises that the termination was not the result of an improper discriminatory motive.

5

## COUNTERCLAIMS

Counterclaim-plaintiff, NCO Financial Systems, Inc. ("NCO"), by and through undersigned counsel, for its counterclaims against Valerie Hue ("Hue") alleges as follows:

### PRELIMINARY STATEMENT

1.     This is a civil action for: (1) breach of the implied covenant of good faith and fair dealing, (2) indemnification for monetary losses resulting from Hue's wrongful conduct, (3) breach of the duty of loyalty, and (4) intentional policy violations.

2.     NCO seeks compensatory damages, injunctive relief and reasonable attorneys' fees.

### JURISDICTION AND VENUE

3.     Jurisdiction in the United States District Court for the District of Delaware is proper under Fed. R. Civ. P. 13(a) and 28 U.S.C.A. 1332(a).  The counterclaims involve occurrences that make up the subject matter of Hue's claims against NCO, and the parties are completely diverse.

4.     Venue is proper because the acts and omissions giving rise to these counterclaims occurred in Delaware, Hue is an individual residing in Sussex County, Delaware, and Hue was formerly employed by NCO as a General Manager of corporate collections in Delaware.

### FACTS

5.     NCO is a Pennsylvania corporation that performs accounts receivable services for clients, including bad debt collection.  NCO regularly conducts business in Delaware and operated a call-center in Delaware where Hue was employed with NCO.

6.     Hue intentionally and persistently committed wrongful acts and policy violations against NCO by condoning, directing and participating in the wrongful act of resubmitting

6

debtors' returned checks to banks, where the checks were drawn, without the debtors' consent or authorization as required by NCO. Hue would resubmit bounced checks without authorization, causing insufficient fund charges to accrue against the debtors, until and unless the debtors deposited money into the account and paid NCO. Hue violated NCO's policy and procedures by wrongfully resubmitting checks because commissions and/or bonuses would be paid to her based upon her and her staffs' collections. Checks resubmitted would create an improper creation of commissions for Hue and her staff.

      7      Hue directed her subordinates to commit wrongful and acts and policy violations by wrongfully resubmitting bounced checks against NCO policy and without the debtors' permission. Hue caused and participated in the termination of an NCO employee under her supervision who acted on Hue's directions to wrongfully resubmit a check returned for insufficient funds. The employee was terminated, in part, based upon Hue's motivations.

## COUNT I: VIOLATIONS OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff realleges paragraphs 1 - 7 as if fully restated herein and further states:

      8.      Hue breached the implied covenant of good faith and fair dealing inherent in Delaware employment relationships. The implied covenant requires a party in a relationship to refrain from arbitrary or unreasonable conduct.

      9.      Hue is subject to and has violated the implied covenant of good faith and fair dealing by engaging in conduct described in ¶¶ 6-7.

      10.      NCO has been damaged by Hue's conduct by: (1) the loss of a trained, qualified employee who Hue corrupted then terminated; (2) NCO's exposure to liability for Hue's wrongful conduct of repeatedly attempting to redeposit checks that were returned for insufficient

7

funds without the debtors' express prior approval of the redeposit; and (3) the payment of unearned commissions and/or bonuses for moneys earned from Hue's wrongful conduct.

## COUNT II – INDEMNIFICATION/UNJUST ENRICHMENT

Plaintiff realleges paragraphs 1 - 10 as if fully restated herein and further states:

11.    NCO is entitled to indemnity from Hue for the loss of an employee who Hue directed to violate company policy and then terminated as a scapegoat for her own misdeeds. Hue was unjustly enriched by her own misconduct in obtaining commissions and/or bonuses by violating company policy.

## COUNT III– BREACH OF THE DUTY OF LOYALTY

Plaintiff realleges paragraphs 1 - 11 as if fully restated herein and further states:

12.    Hue violated her duty of loyalty to NCO because she used her position of trust and confidence to further her own private interests.    Hue intentionally misrepresented the collection activities taking place under her supervision and terminated an NCO employee for following her wrongful directions.

13.    The duty of loyalty requires a manager to refrain from doing anything that would work injury to the corporation, or to deprive it of profit or advantage.

14.    Hue's conscious disregard of known risks concerning her participation in the violations of company policy and procedure resulted in damage to NCO when it was forced to undergo investigation, accounting and legal fees, the termination of a trained employee, and damage control due to exposure to liability for Hue's act(s) of wrongfully resubmitting NSF checks without authorization.

## COUNT IV: INTENTIONAL POLICY VIOLATIONS

Plaintiff realleges paragraphs 1 - 14 as if fully restated herein and further states:

8

15.    Hue's misconduct served to improperly instruct and induce NCO to terminate an employee who was following directions from Hue.

16.    Hue also engaged in intentionally wrongful conduct and concealment when she deliberately and maliciously concealed that she was violating company policy for monetary gain and caused an NCO employee to be terminated.

## PRAYER FOR RELIEF

WHEREFORE, counterclaim-plaintiff, NCO Financial Systems, Inc., respectfully requests this Court enter judgment against counterclaim-defendant Valerie Hue as follows:

(a) Award NCO Financial Systems, Inc. damages relating to plaintiff's violation of the implied covenant of good faith and fair dealing, unjust enrichment, breach of loyalty, and intentional policy violations on the company;

(b) Dismiss the Complaint of Valerie Hue with prejudice, denying all her relief; and

(c) Award NCO Financial Systems, Inc. such other relief, including costs, as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

NCO Financial Systems, Inc. demands a trial by jury on all issues so triable.


OF COUNSEL:

David Israel
Mayas D. Erickson Sessions, Fishman & Nathan LLP
Schwartz (#4351)
Sessions, Fishman & Nathan, L.L.P. 114 Northpark Boulevard, Suite 10
    schwartz@rlf.com
201 St. Charles Ave., Suite 3500 Covington, LA 70433
Finger, P.A.
New Orleans, Louisiana 70170-350
    Elizabeth K. Fite
Elizabeth K. Fite

Jennifer C. Jauffret (#3689)
jauffret@rlf.com
Alyssa M.

Richards, Layton &

One Rodney Square
Wilmington, Delaware 19899
Telephone No.: (302) 651-7700

9

Law Office of Elizabeth Fite, P.A.—~~Attorneys for Defendant~~—Telephone No.: (302) 658-6541
15316 N. Florida Avenue, Suite 100
Tampa, Florida 33613

Dated:  ~~May 10,~~November 3, 2005

10

Document comparison done by DeltaView on Thursday, November 03, 2005 2:28:34 PM

| Input: | |
|---|---|
| Document 1 | iManageDeskSite://IM-DMS1/RLF1/2873772/1 |
| Document 2 | iManageDeskSite://IM-DMS1/RLF1/2940249/1 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved-deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 62 |
| Deletions | 18 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 82 |

## CERTIFICATION PURSUANT TO
## DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Counsel for NCO Financial Systems, Inc. consulted with counsel for the plaintiff pursuant to District of Delaware Local Rule 7.1.1 and determined that the plaintiff is not opposed to the relief sought in the attached motion.

Alyssa M. Schwartz (#4351)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VALERIE HUE,                                    :
                                                :
      Plaintiff,                           :    C.A. No. 05-225-KAJ
                                                :
    v.                                        :
                                                :
NCO FINANCIAL SYSTEMS, INC., a                  :    JURY TRIAL DEMANDED
Delaware corporation, trading as                :
NCO FINANCIAL COMMERCIAL SERVICES               :
                                                :
      Defendant.                           :

WHEREAS, the Court having considered the Motion of NCO Financial Systems, Inc.

("NCO") to file an amended answer, counterclaims and affirmative defenses;

IT IS HEREBY ORDERED this _____ day of _____, 2005 that the

Motion is GRANTED and that NCO is permitted to file its amended pleading in the form

attached as Exhibit A to the Motion. The amended pleading is to be deemed filed and served on

the date of this Order.

                                        _____
                                      UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2005, I electronically filed the foregoing with the

Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following and

which has also been served as noted:

### VIA ELECTRONIC MAIL

Jeremy W. Homer, Esq.
Parkowski & Guerke, P.A.
116 West Water Street
P.O. Box 598
Dover, DE 19903

Alyssa M. Schwartz (#4351)
schwartz@rlf.com