LAW OFFICES
# Parkowski, Guerke & Swayze
PROFESSIONAL ASSOCIATION
116 WEST WATER STREET
P.O. BOX 598
DOVER, DELAWARE 19903
302-678-3262
FAX: 302-678-9415

F. MICHAEL PARKOWSKI
I. BARRY GUERKE
DAVID S. SWAYZE
CLAY T. JESTER
JEREMY W. HOMER
JOHN C. ANDRADE
MARK F. DUNKLE
WILLIAM A. DENMAN
MICHAEL W. ARRINGTON
CHRISTINE P. SCHILTZ
MICHAEL W. TEICHMAN
BASIL C. KOLLIAS
ANNE HARTNETT REIGLE

GEORGE F. GARDNER, III
OF COUNSEL

WILMINGTON OFFICE
800 KING STREET, SUITE 203
WILMINGTON, DE  19801-0369
302-654-3300
FAX: 302-654-3033

November 10, 2005

The Honorable Kent A. Jordan
U.S. District Court
844 North King Street, Room 4209
Lock Box 10
Wilmington, DE 19801

RE:    Valerie Hue, Plaintiff v. NCO Financial Systems, Inc.
       Case No.:  05-225 KAJ / Discovery Dispute

Dear Judge Jordan:

Our firm represents the plaintiff in the above case. This letter explains the discovery dispute, which is the topic of the teleconference scheduled for November 15, 2005.

Plaintiff alleges her employment was unlawfully terminated by defendant as the result of discrimination. The principal issue is whether the reason given by defendant for termination was pretextual. The reason given was: "It was brought to management's attention and has been determined that you violated Company policy, and acted in an unprofessional manner be instructing NCO employees to violate NCO's check handling procedures."

Plaintiff's discovery asked defendant to provide the "check handling procedures" alleged to have been violated, if they were in writing, and, if not, to explain the policies.[1] It also asked for any document that contains the procedures, the identity of any person defendant claims was instructed by plaintiff to violate the procedures, and any witness to the instructions, what the person was told, and any document that evidences such instruction was given. (Interrogatory number 4). In the event the procedures allegedly violated had been changed over time, the interrogatories ask for the other versions of the policies and the dates when they were in effect. (Interrogatory number 6).

---

[1] Plaintiff's motion to compel answers to discovery, filed on October 31, 2005, contains all the relevant documents except defendant's answer to the motion. The exhibits to the motion include the interrogatories, the answers, and follow-up correspondence.

The Honorable Kent A. Jordan
Page 2

  Defendant has not supplied the information. In its first response defendant: (1) objected on the basis of alleged vagueness, etc.; (2) stated it would produce the documents containing the procedures in the future; and (3) stated the initial disclosures included statements from some employees regarding plaintiff's instructions to them.

  Plaintiff's counsel followed-up by phone and by letter. The letter again asked defendant to identify the "check handling policies" defendant claimed plaintiff had instructed employees to violate. Defendant's letter response states, "I again [?] direct your attention to the documents attached as Exhibit A. These documents <u>outline</u> NCO's check handling policy, and were produced along with NCO and/or plaintiff's discovery responses." (emphasis added). Exhibit A to the letter included various memoranda and e-mails which contain different statements regarding check handling. For example, a 12-24-2003 memorandum states the automatic redepositing of returned items (checks) from the bank will cease, and a January 16, 2004 memorandum says a check should not be redeposited unless the bank has verified the funds. It is impossible to tell from reviewing the documents which policy defendant claims plaintiff violated. In fact, it is not clear whether the policy is in writing. Defendant's counsel tried to explain the policy by phone (claiming initially that bank verification was required for redepositing, then later claiming that only an attempt to verify was required). In any event, the defendant's responses are insufficient because they have not provided most of the information sought in the discovery related to the central issue in the case.

  Although the above discussion relates the most significant problem, defendant's discovery responses are deficient in nearly all other respects. Counsel's letter of September 26, 2005 (attached to the motion to compel) provides a detailed explanation of the problems. Information sought but not provided includes: the facts which support the statement that plaintiff "fraudulently" violated the check handling procedures; information about bonuses given to plaintiff (defendant claims plaintiff manipulated check processing to pad her bonus, but has not provided information about the bonuses she received); the factual basis for the statement that plaintiff knew that checks would not clear bank accounts when she allegedly instructed employees to submit the checks for payment; the identity of individuals employed by defendant between January 1, 2000 and June 30, 2005 who held a position equivalent to the position held by plaintiff, and their race and gender; the identity of the top ten collectors for calendar years 2002-2004 in four named NCO offices (plaintiff needs to depose some of them to determine what check handling procedures were followed); an explanation of how the case journal ledger is coded to indicate when a payment has been redipped (redeposited with the bank); an explanation of the facts which support the affirmative defenses, including the identity of individuals who have knowledge of the facts and documents which support them; the identity of individuals with knowledge of the facts that are disputed; the identity of any person involved in the discharge of an employee against whom plaintiff made a complaint of sexual and racial harassment; the identity of <u>all</u> persons involved in the decision to terminate plaintiff's employment; the identity of persons who provided information considered by defendant in the termination decision; the identity of documents (including draft documents) considered in the decision to terminate; the identity of individuals who reviewed the draft documents; the identity of documents upon which defendant relies to support the termination decision; and whether the "check handling

The Honorable Kent A. Jordan
Page 3

procedures" identified in one NCO document were the same as the ones identified in another NCO document;

      In addition, defendant has refused to provide numerous documents which would enable plaintiff to show that she did follow the check handling policies. These include cash journal ledgers, hold check request forms, u-deposit forms, post-date check reports and NSF reports prepared in the Dover office between July 1, 2003 and January 1, 2004. Likewise, defendant has refused to provide the Dover, Delaware office monthly reports that make references to redepositing of checks; correspondence between the individual who formulated the last policy regarding check handling procedures and employees of the Dover office; documents that reflect checks were redeposited; documents which provide information regarding checks that were redeposited into banks but returned because there were insufficient funds; documents related to the termination of Matthew Lane, an employee terminated by plaintiff because he violated check handling procedures (defendant claims plaintiff told him to violate the check handling procedures); any tape recordings of conversations related to the case; documents containing information regarding the termination of the employment of the individual who harassed plaintiff; copies of financial statements for calendar year 2004 (plaintiff seeks punitive damages); documents containing the policies regarding redepositing of checks for check handling procedures; and documents reflecting when the policies or procedures stopped being effective.

      Finally, plaintiff seeks the award of attorney fees for services required to obtain defendant's compliance with the discovery rules.

      Respectfully,

      JEREMY W. HOMER
      Bar ID #413
      Attorney for Plaintiff

JWHsar
e:mail: JHomer@pgslegal.com
cc:    Dr. Peter T. Delleo, Clerk    (Via Electronic Filing)
       Jennifer C. Jauffret, Esquire  (Via Electronic Filing and E-Mail)
       Alyssa M. Schwartz, Esquire (Via Electronic Filing and E-Mail)
       Elizabeth K. Fite, Esquire    (Via First Class Mail and E-Mail)
       David Israel, Esquire        (Via First Class Mail and E-Mail))