LAW OFFICES

# PARKOWSKI, GUERKE & SWAYZE
PROFESSIONAL ASSOCIATION
116 WEST WATER STREET
P.O. BOX 598
DOVER, DELAWARE 19903
302-678-3262
FAX: 302-678-9415

F. MICHAEL PARKOWSKI
I. BARRY GUERKE
DAVID S. SWAYZE
CLAY T. JESTER
JEREMY W. HOMER
JOHN C. ANDRADE
MARK F. DUNKLE
WILLIAM A. DENMAN
MICHAEL W. ARRINGTON
CHRISTINE P. SCHILTZ
MICHAEL W. TEICHMAN
BASIL C. KOLLIAS
ANNE HARTNETT REIGLE

GEORGE F. GARDNER, III
OF COUNSEL

WILMINGTON OFFICE
800 KING STREET, SUITE 203
WILMINGTON, DE 19801-0369
302-654-3300
FAX: 302-654-3033

January 24, 2006

The Honorable Kent A. Jordan
U.S. District Court
844 North King Street, Room 4209
Lock Box 10
Wilmington, DE 19801

RE: Valerie Hue, Plaintiff v. NCO Financial Systems, Inc.
Case No.: 05-225 KAJ

Dear Judge Jordan:

Our firm represents the plaintiff in the above matter. This letter explains the discovery dispute which has resulted in the plaintiff's request for a teleconference with Your Honor on January 26, 2006 at 3:30 p.m.

On January 19, 2006, I received a letter from opposing counsel objecting to the number of deponents set out in a proposed schedule for the depositions in my January 10, 2006 letter. The depositions are scheduled to take place between January 31, 2006 and February 15, 2006. The discovery cutoff date is February 28, 2006.

Although opposing counsel's letter complains that some of the potential witnesses were not identified until January 10, 2006, that is so because the defendant did not supply names of those witnesses until several months after plaintiff identified potential witnesses.

The scheduling order contemplates that the parties have 100 hours to complete the depositions. Plaintiff is willing to reduce that number to 75, in part because most of the depositions are not anticipated to take very long. However, it is obvious that all the deponents set out in the proposed schedule of depositions may have important information. They are as follows. Kathy Obenshain, Ted Fox and Cherrie Sugg were involved in the decision to terminate plaintiff's employment. They all have information about the alleged reasons for the termination. Ms. Obenshain allegedly gave instructions about the check handling policy which is the central

The Honorable Kent A. Jordan
Page 2

dispute in the case. Mr. Fox is alleged by plaintiff to have an ulterior motive for the termination, namely retaliation because of racial and sexual harassment charges levied by plaintiff against a friend of Fox's.

Defendant just recently identified Dina Shaantiel as a witness who is most familiar with alleged violations of the check handling polices. Mike Scher was in charge of the Dover office where plaintiff worked and has knowledge about the check handling policies and the reasons for the termination. He defended NCO at plaintiff's unemployment compensation hearing.

Mark Lefeyve, Kim Marlow, Dave McQuisten, Brad Reavis and Eric Shaw provided written statements against the plaintiff and have information regarding the check handling practices. Lee Nickerson and Jennie Birdsong were administrative assistants to the plaintiff and involved in the verification of funds which is a central issue in the case. They also have information about certain discrimination.

Phil Weaver and Ric Boudreux are former employees of NCO who held high management positions and are familiar both with the check handling policies and the discrimination practices which lead to the discharge of Ted Fox's friend.

Ken Rose, Craig Cavalconte, Barry Walker, Jessie Montoro, Paul Louviere and Michael Figgs, Jr., were debt collectors at various offices owned and operated by the defendant. Plaintiff needs to depose them to elicit information about the check handling policies which were followed in those offices during the relevant time period. Berkley Mckenzie held the same position in the defendant's Atlanta office as was held by plaintiff and would have information about the check handling procedures.

As indicated above, it is not anticipated that many of the depositions will take very long. Most of them will be taken by telephone, which will reduce the amount of any inconvenience to plaintiff's attorneys. Defendant has known that plaintiff intended to depose the above individuals (although the names of the collectors had not been identified, defendant knew that plaintiff was going to depose some of them) since early on in the case. In December, 2005, there was a specific discussion about the depositions exceeding the number allowed under the federal rule, and plaintiff's attorney was lead to believe that defendant understood the need to exceed the limit.

It should be noted that some of the above witnesses are ex-employees of defendant which plaintiff cannot contact on an ex parte basis because they held management positions. Depositions are necessary to learn facts important to the case.

Defendant has also proposed an unrealistic schedule, which for example, would require four depositions to be held in a single afternoon.

The Honorable Kent A. Jordan
Page 3

      Finally, plaintiff has attempted to phone opposing counsel to discuss a possible resolution of the dispute. Plaintiff would like to propose reducing the number of hours, currently 100 hours, while retaining the number of depositions. To date, plaintiff's counsel has been unable to reach opposing counsel for this purpose.

      Respectfully,

*[signature: Jeremy W. Homer]*

JEREMY W. HOMER
Bar ID #413
Attorney for Plaintiff

JWHsar
e:mail: JHomer@pgslegal.com
cc:    Dr. Peter T. Delleo, Clerk    (Via Electronic Filing)
       Jennifer C. Jauffret, Esquire    (Via Electronic Filing and E-Mail)
       Alyssa M. Schwartz, Esquire    (Via Electronic Filing and E-Mail)
       Elizabeth K. Fite, Esquire    (Via First Class Mail and E-Mail)
       David Israel, Esquire    (Via First Class Mail and E-Mail))