notes with bank information including the tel [sic] number of the bank that indicate we verified the availability of funds and that there is no stop payment. Please call me with any questions, and share with your other managers immediately." *See* 1/16.04 e-mail attached as Exhibit E.

According to the Memo for Record sent from Kathy Obenshain to Josh Gindin, Steve Leckerman, and Dina Loft, on January 22, 2004, after disseminating the revised re-dip policy, Ms. Obenshain and Ted Fox began

> conducting an independent investigation [by] interviewing producers in Dover, who stated that they were advised by management to recreate DCIs without talking to debtors, redeposit checks without verification of funds and not pull checks at EOM even if told that no funds were available by the debtor. Most of them have made written statements confirming these facts. Pending completion of this investigation, we have suspended Valerie Hue anticipating termination.

*See* 1/22/04 e-mail attached as Exhibit D.

It is NCO's position that plaintiff was terminated for violating and/or directing others to violate NCO's policies prohibiting the automatic re-deposit of NSF checks. *See* Exhibit A. NCO acknowledges that the written outline for re-dipping NSF checks within Exhibit A does not contain the specific procedure that collectors are expected to follow to obtain debtor authorization and attempt to obtain bank verification that funds are available. However, Exhibit A is clear that NCO policies prohibit the automatic re-dipping of NSF checks.

REQUEST FOR PRODUCTION NO. 1: All cash journal ledgers, all hold check request forms, all u-deposit forms, all post-date check reports, and NSF reports prepared by anyone in Defendant's Dover, Delaware office at any time between July 1, 2003 and March 2004.

RESPONSE: NCO maintains its objections that this request is vague, ambiguous, overly broad, burdensome, and seeks personal and/or confidential debtor information protected by state and federal law. Notwithstanding such objections and pursuant the 11/15/05 teleconference with the

B-221

RLF1-2951869-1

Court, p. 24, NCO does not maintain logs or reports of checks that have been re-submitted (in industry lingo. "re-dipped") to debtors' bank accounts. NCO does maintain what's known as the CRS System, which is a computer database that contains debtor payment records. If there is a question regarding a particular account or check, the CRS System allows one to access that account and view information regarding a particular check, including whether that check was re-dipped. According to Dina Shaantiel, Compliance Auditing Manager, NCO does not maintain logs or reports regarding which collectors and/or managers re-dipped checks. The only way to create a chart showing which collectors and/or managers re-dipped which checks would be for a team of NCO employees to manually pull up thousands, possibly millions, of individual accounts on the CRS System and to review the transaction notes for each account to determine whether a particular check was re-dipped and which collector and/or manager requested and/or authorized the re-dip. Therefore, even if NCO could somehow create a report showing all re-dipped checks and the collectors and/or managers linked to the re-dipped checks, the extreme cost and labor intensive burden that it would place on NCO far outweigh any potential benefit to plaintiff.

OF COUNSEL:

David Israel
Sessions, Fishman & Nathan, L.L.P.
114 Northpark Boulevard, Suite 10
Covington, Louisiana 70433

Elizabeth K. Fite
Law Office of Elizabeth Fite, P.A.
15316 N. Florida Avenue, Suite 100
Tampa, Florida 33613

Jennifer C. Jauffret (#3689)
Alyssa M. Schwartz (#4351)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700
jauffret@rlf.com
schwartz@rlf.com

*Attorneys for defendant NCO Financial Systems, Inc.*

Dated: December 1, 2005

5        B - 222

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December, 2005, true and correct copies of the

foregoing were caused to be served on counsel of record at the following address as indicated:

## BY FEDERAL EXPRESS AND ELECTRONIC MAIL

Jeremy W. Homer, Esq.
Parkowski, Guerke & Swayze, P.A.
116 West Water Street, P.O. Box 598
Dover, DE 19903

Alyssa M. Schwartz (#4351)
schwartz@rlf.com

13-223

LAW OFFICE OF
ELIZABETH FITE, P.A.
A T T O R N E Y

15316 N. Florida Avenue
Suite 100
Tampa, Florida 33613-1257
Tel  (813) 908-6121
Fax  (813) 908-6126

December 1, 2005

Sent Via U.S. Mail and Facsimile No.: (302) 678-9415

Jeremy Homer, Esq.
Parkowski, Guerke & Swayze
116 W. Water Street
Dover, DE  19903

RE:    *Valerie Hue vs. NCO Financial Systems, Inc.*
       Case No.: 05-00225

Dear Mr. Homer,

Attached find a chart providing the identities (including addresses) of NCO managers in plaintiff's position for the past 5 years, the settlement agreement between NCO and Matthew Lane, and a chart demonstrating plaintiff's bonuses while employed with NCO. Additionally, formal Supplemental Responses to Interrogatory No. 5 and Request for Production No. 1 are being filed by our local counsel this afternoon or tomorrow morning. You will see from the supplemental response to Request for Production No. 1 that NCO does not maintain logs or reports of re-deposited checks that were previously returned for non-sufficient funds.

Also, I have confirmed that other than plaintiff's charge of discrimination against NCO, no charges of discrimination have been filed by or against any employee or manager in NCO's Dover, Delaware office in the last 5 years.

I truly hope that this resolves all remaining discovery issues. Feel free to contact me with any questions or concerns.

Kind regards,

Elizabeth K. Fite

EKF/mjm
Enclosures:    Chart of Identities
               Settlement Agreement
               Bonus Chart

B-224

## 2000-2005 General Manager Positions - Commercial 11.21.05

| Pers.No. | Name | DOH | DLH | Term Date | Org. un./PSID |
|----------|------|-----|-----|-----------|---------------|
| 38195 | Cavalcante, Craig | 05/08/1995 | 05/08/1995 | 06/18/2004 MMI | |
| 10040 | DeEsch, Darrin | 4/13/1998 | 4/13/1998 | | 10001117 |
| 09972 | Demarte, Frank | 8/3/1992 | 8/3/1992 | 8/6/2005 | 10000970 |
| 03584 | Gallagher, Jason | 7/24/1995 | 7/24/1995 | | 10000770 |
| 28843 | Geisler, Linda | 2/1/1990 | 2/1/1990 | | 10000190 |
| 38201 | Hallam, Stephen | 2/17/1992 | 6/23/2004 | | 10000973 |
| 24088 | Haynie, Chad | 8/3/1998 | 12/3/2001 | | 10000787 |
| 09488 | Hue, Valerie | 04/19/1999 | 04/19/1999 | 01/29/2004 MMI | |
| 09912 | Landry, Mary | 2/24/1997 | 2/24/1997 | | 10000828 |
| 30915 | McCullough, Victor | 04/02/2001 | 04/02/2001 | 06/13/2003 MMI | |
| 09976 | McKenzie, Berkley | 03/30/1995 | 05/12/2004 | 06/01/2004 MMI | |
| 30345 | Morvant, Edward | 1/4/1993 | 9/13/2004 | 1/4/2005 | 10000838 |
| 30634 | Mullins, Michael | 10/2/2000 | 10/2/2000 | | 10000728 |
| 10073 | Obenshain, Kathleen | 12/01/1994 | 12/01/1994 | 07/16/2004 MMI | |
| 06671 | Patterson, Mark | 11/1/1991 | 2/3/2004 | 10/8/2005 | 10000987 |
| 10045 | Tapia, Jon | 1/10/2000 | 1/10/2000 | | 10000851 |
| 32074 | Venable, Omar | 7/21/2003 | 7/21/2003 | 9/17/2005 | 10000855 |

B-225

| Organizational Unit | Status | Gender Key | Ethnic origin |
|---|---|---|---|
| Sales NEWO-FIS | Terminated | Male | White (not of Hispanic origin) |
| Sales Manager TUCS-COMU | Active | Male | White/Not Hispanic origin |
| CSD #1 comp plan DOVE-COMU | Terminated | Male | White/Not Hispanic origin |
| ARM-ODENTON-DMS OFFICE | Active | Male | White/Not Hispanic origin |
| Sales - MTH 7 comp plan TUCS-COMU | Active | Female | White/Not Hispanic origin |
| Sales Manager KANS-COMU | Active | Male | White/Not Hispanic origin |
|  | Active | Male | White/Not Hispanic origin |
| COLL Manager META-COMU | Terminated | Female | Black (not of Hispanic origin) |
|  | Active | Female | White/Not Hispanic origin |
|  | Terminated | Male | White (not of Hispanic origin) |
| Sales Manager META-COMU | Terminated | Male | White (not of Hispanic origin) |
| COLL Manager DENV-COMU | Terminated | Male | White/Not Hispanic origin |
|  | Active | Male | White/Not Hispanic origin |
| Metarie COMU National | Terminated | Female | White (not of Hispanic origin) |
| METAIRE FINALS COMU | Terminated | Male | White/Not Hispanic origin |
| RAG META-COMU | Active | Male | White/Not Hispanic origin |
|  | Terminated | Male | Black/Not Hispanic origin |

B-226

| Position Name | Street1 | City | State | Zip | Phone number |
|---|---|---|---|---|---|
| General Manager | 4295 Alison Jane Dr. | Kennesaw | GA | 30144 | - |
| General Manager | 205 Remington Drive | Mandeville | Louisiana | 70448 | (985) 951-8507 |
| General Sales Manager | 4095 W Camino Del Norte | Tucson | Arizona | 85742 | (520) 744-2542 |
| General Sales Manager | 74 Wildflower Circle | Magnolia | Delaware | 19962 | - |
| General Manager | 1108 Vineyard Hill R | Baltimore | Maryland | 21228 | (410) 744-1486 |
| General Manager | 14615 S. Sumac Dr. | Sahuarita | Arizona | 85629 | (520) 393-8381 |
| General Sales Manager | 22810 W. 44th Street | Shawnee | Kansas | 66226 | (913) 269-2130 |
| General Manager | 13604 Spicer Rd. | Ellendale | Delaware | 19941 | - |
| General Manager | 627 North Village Lane | MANDEVILLE | Louisiana | 70471 | - |
| General Sales Manager | 4513 Praire St. | Metairie | Louisiana | 70001 | (504) 276-7014 |
| General Collection Manager | PO Box 153 | Sorrento | Louisiana | 70778 | (717) 818-6889 |
| General Sales Manager | 835 Preval St | Mandeville | Louisiana | 70448 | (985) 626-9076 |
| General Manager | 52 Cervantes Circle | Lake Oswego | Oregon | 97035 | (503) 635-1609 |
| General Manager | 307 Shady Oak Lane | Mandeville | Louisiana | 70471 | - |
| General Manager | 351 N Airline Ave | Gramercy | Louisiana | 70052 | (225) 869-7056 |
| General Manager | 3807 Hudson St. | Metairie | Louisiana | 70006 | (504) 780-9922 |
| General Manager | 7904 Treehills Pkwy | Stone Mountain | Georgia | 30088 | (504) 455-2866 |

B-227

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VALERIE HUE,                           :

      Plaintiff,                    :

                      :        Civil Action No.: 05-225-KAJ

      v.                            :

NCO FINANCIAL SYSTEMS, INC., a         :
Delaware corporation, trading as
NCO FINANCIAL COMMERICAL SERVICES:

      Defendant.                    :

                      :

### DEFENDANT'S SUPPLEMENTAL RULE 26 (a)(1) INITIAL DISCLOSURES

NOW COMES defendant NCO Financial Systems, Inc. ("NCO"), and in conformance with Federal Rule 26 (a)(1), hereby provides the following supplemental initial disclosures:

    1.    <u>R.26(a)(1)(A)</u> – The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

<u>SUPPLEMENTAL RESPONSE:</u>

Dina Sha'antiel
Compliance Auditing Manager
NCO Financial Systems, Inc.
c/o Law Office of Elizabeth Fite, P.A.
15316 N. Florida Avenue, Suite 100
Tampa, Florida  33613

    2.    <u>R. 26(a)(1)(B)</u> – A copy of, or a description by category and location of, all documents, data compilations and tangible things that are in possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

B-228

**SUPPLEMENTAL RESPONSE:**

- Memorandum from Valerie Hue to Dave McQuisten dated January 12, 2004.

- January 2004 Policy Violations Compiled by Dina Loft [Sha'antiel].

- Memorandum from Ted Fox and Kathy Obenshain to All Employees dated January 21, 2004.

- January 19, 2004 e-mail from Kathy Obenshain to Dina Loft [Sha'antiel] regarding Check Verification Policies.

Respectfully submitted,

Elizabeth K. Fite, Esq.
(Florida Bar No. 0644439)
LAW OFFICE OF ELIZABETH FITE, P.A.
15316 N. Florida Avenue, Suite 100
Tampa, Florida 33613
Telephone No.: (813) 908-6121
Facsimile No.: (813) 908-6126

David Israel, Esq.
(Louisiana Bar No. 7174)
SESSIONS, FISHMAN & NATHAN LLP
114 Northpark Boulevard, Suite 10
Covington, LA 70433
Telephone No.: (985) 871-8181
Facsimile No.: (985) 871-8197

**And**

B-229

Jennifer C. Jauffret, (#3689)
Alyssa M. Schwartz (#4351)
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 658-6541
jauffret@rlf.com
Schwartz@rlf.com

Counsel for NCO

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _6th_ day of December, 2005 a copy of the foregoing was sent via U.S. Mail, First Class to Jeremy W. Homer, Esq., 116 W. Water Street, Dover, DE 19903.

_____
Attorney

3    B-230

NCO GROUP

## January 2004 - Dina Loft Policy Violations

| Rec. Date | Type | City | State | | Last Name | | Violation | | Description/Comments |
|---|---|---|---|---|---|---|---|---|---|
| 1/20/2004 | Bad Debt | Horsham | PA | | Loft | | Silverstein | Policy Violation | Collector put thru dcl checks that were never authorized by the debtor. Account was documented that the calls were made. A phone report shows no calls with debtor. A refund of $500 was issued and a report was sent to C. Moore. Client: Credit Trust Acct.#: su5457 Mgr: Marc Wise 1/25/2004 |
| 1/15/2004 | Bad Debt | Getzville | NY | | Loft | | Smith | Policy Violation | Collector put thru many checks for end of month. All checks returned as nsf or invalid. Proper authorization procedures were not followed. Due to previous incident, collector was terminated. Client: Capital One Mgr: Dan Shanller 1/20/2004 |

B-231

January 2004 - Dina Loft Policy Violations

| Received | Entity | Location | Location | Last Name | First Name | Reason | Received | Description of Resolution |
|---|---|---|---|---|---|---|---|---|
| 1/15/2004 | Commercial | Dover | DE | Loft | | McQuistan | Policy Violation | 1/25/2004 | Collectors, S. Reavis, M. Lane, D. McQuisten and mgr., V. Hue put through checks that were either invalid or nsf for end of month. All the checks were returned. Proper authorization procedures were not followed. Collectors were given JDS and mgr. was terminated. Client: Multiple Clients Acct#: Multiple Accts. Mgr. Mike Schei |
| 1/15/2004 | Commercial | Dover | DE | Loft | | Hue | Policy Violation | 1/25/2004 | Collectors, S. Reavis, M. Lane, D. McQuisian and mgr., V. Hue put through checks that were either invalid or nsf for end of month. All tha checks were returned. Proper authorization procedures were not followed. Collectors were given JDS and mgr. was terminated. Client: Multiple Clients Acct#: Multiple Accts. Mgr. Mike Schei |
| 1/9/2004 | Bad Debt | Getzville | NY | Loft | | Guito | Policy Violation | 1/9/2004 | Collector used same credit card for 5 different debtors. Carolyn Moore is handling this issue. Collector is out on medical leave. Client: Capital One Acct.#: b79849, kd2009, h96727, jju3556, jju4603, & llo7353 Mgr: Dan Shantler |

B-232

NCO GROUP
010

January 2004 - Dina Loft Policy Violations

| Received | Entity | Location | State | | | Loft | Performed By | Federal / Policy Violation | Description of Resolution |
|---|---|---|---|---|---|---|---|---|---|
| 1/8/2004 | MCA | Tampa | FL | | Loft | | Baker | Policy Violation | Collector, Patrick Baker, took checks over the phone without authorization. A refund of $20,500 was issued, via wire transfer. P. Baker was terminated.    Client: Happ Conlois Acct.#: η06388 Mgr: Manny Cardozo    1/8/2004 |
| 1/15/2004 | Commercial | Dover | DE | | Loft | | Reavis | Policy Violation | Collectors, S. Reavis, M. Lane, D. McQuisten and mgr., V. Hue put through checks for end of month. All check were return as invalid or nsf. Proper authorization procedures were not followed. Collectors were given JDS and mgr. was terminated. Client: Multiple Clients Acct#: Multiple Accts. Mgr. Mike Schei    1/25/2004 |
| 1/15/2004 | Commercial | Dover | DE | | Loft | | Lane | Policy Violation | Collectors, S. Reavis, M. Lane, and mgr., V. Hue put through checks that were either invalid or nsf for end of month. All the checks were returned. Proper authorization procedures were not followed. Collectors were given JDS and mgr. was terminated. Client: Multiple Clients Acct#. Multiple Accts. Mgr. Mike Schei    1/25/2004 |

B-233



# SESSIONS
# FISHMAN
# NATHAN LLP

**ATTORNEYS**
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
www.sessions-law.com

ELIZABETH K. FITE
Licensed in the State of Florida
Direct Dial: 813-908-6121
elizabeth.fite@fitelaw.com
Respond to <u>Tampa Office</u>

FEB 1 3 2006

PARKOWSKI, GUERKE & SWAYZE, P.A.

February 8, 2006

Jeremy Homer, Esq.
Parkowski, Guerke & Swayze
116 W. Water Street
Dover, DE 19903

                    RE:    *Valerie Hue vs. NCO Financial Systems, Inc.*
                           Case No.: 05-225-KAJ

Dear Mr. Homer:

As discussed during the February 1 telephone conference call between you, David Israel, and me, Dave and I learned on February 1 that copies of certain back-up documents concerning the re-dipping of NSF checks were archived by NCO in off-site storage. Some of these back-up documents are arguably responsive to some of plaintiff's formal and informal discovery requests.

I have now confirmed that during December 2003 and January 2004, a process was used in the Commercial Division, whereby e-mails were sent from the various commercial offices to NCO's Cash Department at company headquarters in Horsham, Pennsylvania. These e-mails were requests that the Cash Department "re-dip" specific checks. As you heard during our conference call, we requested that any documents/e-mails pertaining to re-dips in December of 2003 and January of 2004 be retrieved from storage.

I have now completed an initial review of the retrieved materials. For the Commercial Division for the 2-month period, plus a few days during at the end of November and the beginning of February, there are approximately 10 cartons of accounting back-up materials. The vast majority of these documents do not relate to re-dips; however, there were e-mails requesting re-dips interspersed with other documents. Along with Dina Shaantiel and Claire O'Connel, we extracted, from what I am told, the

<u>New Orleans Office</u>
201 St. Charles Avenue
Thirty-Fifth Floor
New Orleans, LA 70170-3500
Telephone (504) 582-1500
Fax (504) 582-1555

<u>Metairie Office</u>
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
Telephone (504) 828-3700
Fax (504) 828-3737

<u>Covington Office</u> (temporary)
114 Northpark Boulevard
Suite 10
Covington, LA 70433
Telephone (985) 871-8181
Fax (985) 871-8197

<u>Tampa Office</u>
15316 North Florida Avenue
Suite 100
Tampa, FL 33613-1257
Telephone (813) 908-6121
Fax (813) 908-6126

B-234

**SESSIONS FISHMAN & NATHAN**ᴸᴸᴾ

only back-documents regarding "re-dipped" NSF checks. There are other than electronic account notes that are debtor specific.

Attached are the re-dip requests that were retrieved from storage, bate stamped 605 to 943. Also, last week I sent you a complete copy of Ms. Shaantiel's NSF report along with other documents, bate stamped 588 to 604.

Please contact me with any questions or concerns.

Kind regards,

Elizabeth K. Fite

cc: David Israel

H:\DI\NCO HR FILES\Hue, Valerie\Correspondence\Horner Disovery supplem notice 2 9 06.doc

B-235



# SESSIONS
# FISHMAN
# NATHAN LLP

**ATTORNEYS**
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
www.sessions-law.com

ELIZABETH K. FITE
Licensed in the State of Florida
Direct Dial: 813-908-6121
elizabeth.fite@fitelaw.com
Respond to <u>Tampa Office</u>

MAR - 9 2006

PARKOWSKI, GUERKE & SWAYZE, P.A.

March 3, 2006

**Sent Via U.S. Mail and Facsimile No.: (302) 678-9415**

Jeremy Homer, Esq.
Parkowski, Guerke & Swayze
116 W. Water Street
Dover, DE 19903

RE:    *Valerie Hue vs. NCO Financial Systems, Inc.*
Case No.: 05-225-KAJ

Dear Mr. Homer:

Pursuant to our 3/2/06 telephone discussion, I am writing to memorialize certain facts regarding NCO's document production in the above-referenced lawsuit.

As background, you deposed NCO's Compliance Manager, Dina Sha'altiel, on January 31, 2006. During her deposition, it was confirmed that Ms. Sha'altiel conducted an audit/investigation in early January 2004 regarding "bounced" checks. As part of her review, Ms. Sha'altiel reviewed processes for checks in the NCO Commercial Division. Specifically, Ms. Sha'altiel investigated large balance ($1,000.00 or over) checks that were submitted to banks in December 2003 and were returned for non-sufficient funds (NSF). Ms. Sha'altiel conducted this audit/investigation to determine whether the checks bounced as a result of collector misconduct/error, debtor error, or both.

Ms. Sha'altiel's investigation consisted of reviewing the December 2003 NSF Report, *see* Exhibit A, and analyzing the account notes ("Fact Sheets") relating to each bounced check. The account notes allowed Ms. Sha'altiel to determine, for example, whether the collector had properly sought the debtor's authorization to re-submit the check and/or attempted to verify with the debtor's bank that the funds were available.

Ms. Sha'altiel's conclusions were memorialized in a Policy Violation Report that states, among other things, Ms. Sha'altiel's conclusions in the column titled "Root of Problem." *See* Exhibit B. From her review, as memorialized in the Policy Violation

---

<u>**New Orleans Office**</u>
201 St. Charles Avenue
Thirty-Fifth Floor
New Orleans, LA 70170-3500
Telephone (504) 582-1500
Fax (504) 582-1555

<u>**Metairie Office**</u>
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
Telephone (504) 828-3700
Fax (504) 828-3737

<u>**Covington Office** (temporary)</u>
114 Northpark Boulevard
Suite 10
Covington, LA 70433
Telephone (985) 871-8181
Fax (985) 871-8197

<u>**Tampa Office**</u>
15316 North Florida Avenue
Suite 100
Tampa, FL 33613-1257
Telephone (813) 908-6121
Fax (813) 908-6126

B-236



# SESSIONS FISHMAN & NATHAN, L.L.P.

Jeremy Homer, Esq.
March 3, 2006 – Page 2

Report, Ms. Sha'altiel determined that certain Dover Large Balance Collectors were violating NCO's check handling policy during December 2003, which resulted in numerous NSF checks.

You have requested a complete copy of the NSF Report, Ms. Sha'altiel's Policy Violation Report, and the account notes supporting Ms. Sha'altiel's conclusions. We produced the requested documents on February 3, 2006, bate nos. 000944 to 001335. Because of the volume of account notes involved, you received the "user-friendly" condensed version of the account notes, where Ms. Sha'altiel literally re-created her investigation by circling the portions of the account notes that lead her to her conclusions.

Also on January 31, 2006, I discovered for the first time through Claire O'Connell, NCO Cash Department, that NCO maintained back-up documents reflecting re-dip requests from the various Commercial Division offices in an off-site storage warehouse, Iron Mountain. David Israel and I called you on January 31 and with Ms. O'Connell discussed the process to review the stored documents. This was an important discovery because NCO's attorneys and a myriad of managers had been attempting to locate a box of 2003 Re-Dip Request Forms that were purportedly kept in the Dover Commercial Office without success. We now believe that these Re-Dip Request Forms were lost in 1 of the 2 moves that the Dover office has made in the last 2 years. We hoped that copies of the Re-Dip Request Forms would be among the back-up documents maintained by the Cash Department.

On February 6, 2006, I traveled back to Horsham, Pennsylvania and met with Ms. O'Connell and Ms. Sha'altiel to review the 10 of boxes of back-up documents delivered from Iron Mountain. Within the boxes, we discovered e-mail requests to re-dip checks, but no handwritten Re-Dip Request Forms. On February 8, 2006, we produced all of the e-mail re-dip requests as bate nos. 000605 to 000943.

Also during our March 2 telephone discussion, you requested that NCO produce all December 2003 and January 2004 Re-Dip Request Forms from all of the other Commercial Offices. As I explained to you, while each Commercial office may have maintained their own system for obtaining authorization/verification and a manager's approval to re-dip, the process of actually re-dipping was accomplished through e-mails to the Cash Department (bate nos. 000605 to 000943). The handwritten Re-Dip Request Forms from the various Commercial offices (if they could be obtained) would not be relevant since a Re-Dip Request Form would not show whether the check was actually re-dipped, whether the re-dipped check bounced again, or whether the collector actually achieved authorization/verification prior to submitting the re-dip request. These determinations could be made only by reviewing tens of thousands of pages of account

B-237

Jeremy Homer, Esq.
March 3, 2006 – Page 3

notes relating to each of the re-dip requests. Such a discovery request is irrelevant, harassing and burdensome.

The depositions of Brad Reavis, Eric Shaw, and Matt Lane support Ms. Sha'altiel's conclusions because of their admissions of wrongdoing and confirmation that Ms. Hue specifically had them violate NCO's check handling procedures. Your continued insistence for "more documents" has to stop. Your latest requests do not relate to this case. All of the information that was submitted to you corroborates Ms. Sha'altiel's testimony and report and proves the propriety of Ms. Hue's discharge.

Dave and I are happy to discuss these issues with you further.

Very truly yours,

Elizabeth K. Fite, Esq.

EKF/mjm
cc:    David Israel, Esq.
      Alyssa Schwartz, Esq.

H: DI NCO HR FILES Hue, Valerie Correspondence homer.ltr.3 3 06 doc

B-238





**SESSIONS**
**FISHMAN**
**NATHAN** LLP

ATTORNEYS
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS
www.sessions-law.com

ELIZABETH K. FITE
Licensed in the State of Florida
Direct Dial: 813-908-6121
elizabeth.fite@fitelaw.com
Respond to Tampa Office

April 3, 2006

<u>Sent Via U.S. Mail and Facsimile No.: (302) 678-9415</u>

Jeremy W. Homer, Esq.
Parkowski, Guerke & Swayze
116 W. Water Street
Dover, DE 19903

      **RE:**   *Valerie Hue vs. NCO Financial Systems, Inc.*
            Case No.: 05-225-KAJ

Dear Mr. Homer:

    Following-up on A. Schwartz's 03/31/06 letter, and while NCO has no obligation to supplement discovery or answer new responses, to avoid further discovery arguments please consider the following:

    1.  Enclosed are back-up documents regarding the $500 Post-Date Prize that plaintiff received in January 2004. This contest was based upon the number of post-date checks submitted during a certain timeframe, regardless of whether the checks were later returned NSF. Therefore, plaintiff's improper practices of personally changing, or instructing others to change dates on post-date checks without debtor authorization, and re-submit post-date checks without proper verification helped her to win the contest. The effect of her wrongdoing was to submit more post-date checks than her GCM counterparts. *See* Post-Date Bonus Documents bate-stamped 001738 and 001739.

    2. In response to your request about whether collectors or managers from other commercial offices were disciplined as a result of the 1/04 audit and investigation: Valerie Hue and Eric Shaw were the only 2 managers who were disciplined for the 12/03 – 1/04 commercial check handling violations. There was no discrimination- Dover was the only office that had verifiable malfeasance <u>by management.</u> The malfeasance was documented within the account notes and confirmed by all of the interviews of Dover employees- the managers and the collectors. From what I have learned, Matthew Lane is the only collector who was disciplined for the 12/03 check handling compliance violations and his discharge came at the hands of plaintiff. During the January 2004

<u>New Orleans Office</u>
201 St. Charles Avenue
Thirty-Fifth Floor
New Orleans, LA 70170-3500
Telephone (504) 582-1500
Fax (504) 582-1555

<u>Metairie Office</u>
Lakeway Two, Suite 1240
3850 North Causeway Boulevard
Metairie, LA 70002-1752
Telephone (504) 828-3700
Fax (504) 828-3737

<u>Tampa Office</u>
15316 North Florida Avenue
Suite 100
Tampa, FL 33613-1257
Telephone (813) 908-6121
Fax (813) 908-6126

B-239

# SESSIONS FISHMAN & NATHAN LLP

Jeremy Homer, Esq.
Valerie Hue vs. NCO
April 3, 2006 – Page 2

investigation and during his deposition. Mr. Lane confirmed that plaintiff instructed him to violate the check handling policy.

3. As stated in Ms. Schwartz's letter to you, NCO will supplement its document production with a 2005 financial statement when the statement becomes available. I do not understand your issue with the 2003 and 2004 financial statements produced to plaintiff, bate-stamps 001704 and 001705. These Consolidated Statements of Net Worth contain the company's "Assets, Liabilities and Net Worth." Please explain why these statements are insufficient and what other information your client needs for the punitive damages analysis.

I assume that this letter resolves all remaining discovery issues. Please contact me if you would like to discuss discovery issues further.

Very truly yours,

Elizabeth K. Fite

EKF/mjm
cc: David Israel, Esq., Alyssa Schwartz, Esq.
Enclosures:    Bate Stamped Documents Nos. 001706 through 001739

C: Documents and Settings\Sessions\My Documents\Hue\ NCO Hue 3 31 06 ltr to Homer D1 Revise.doc

B-240

AFFIDAVIT OF CHERIE A. SUGG
PAGE 1

STATE OF NEW YORK
COUNTY OF ERIE

### AFFIDAVIT OF CHERIE A. SUGG

BEFORE me the undersigned authority, personally came and appeared Cherie A. Sugg, who after being duly sworn did state:

1. I am the Senior Vice-President of Human Resources for NCO Financial Systems, Inc. During January 2004, I was the Vice President of Human Resources.
2. As the VP of HR for NCO, I oversaw various HR functions, including the direction of the employee relations responsibility.
3. NCO maintains a work environment that prohibits discrimination on the basis of all protected classifications, including race, sex and retaliation.
4. NCO's policy is published in the handbook and posted in all offices. NCO employees may complain, or report any discrimination issue to their supervisor, any member of management, to corporate HR via an 800-call-in number, or anonymously through an 800-call-in line. Reports are accepted with a guarantee that there will be no retaliation.
5. I have checked NCO's HR records and at no time did Ms. Hue ever complain regarding any discrimination issues in the Dover office. I have learned that in October 2001, she submitted a statement regarding Bill Savage's improper conduct.
6. At my direction, Ms. Carol Murray, a senior employee relations specialist assisted in the investigation of Ms. Valerie Hue, the former General Collections Manager for the Commercial Division Dover, Delaware office.
7. Along with Ms. Murray, I provided support to the then Commercial Division Vice President of Collections, Ms. Kathy Obenshain regarding the Hue investigation. Ms. Obenshain was Ms. Hue's direct supervisor.
8. Based upon information that was learned during this investigation, Ms. Hue was found to have instructed collections personnel, administrative personnel and 2 managers to violate Commercial Division check handling policies.
9. Ms. Obenshain and the newly appointed Commercial Division Senior Vice President, Mr. Ted Fox, secured statements confirming Ms. Hue's improper conduct.
10. Ms. Murray and I ensured that a full, fair and impartial investigation was completed. My staff also assisted with answering the later filed discrimination charge filed by Ms. Hue.
11. We never uncovered any type of discrimination or retaliation regarding Ms. Hue's discharge. To the contrary, all Dover employees reported the same type of wrongdoing by Ms. Hue and all similarly situated managers

B-241

AFFIDAVIT OF CHERIE A. SUGG
PAGE 2

to Ms. Hue in other Commercial Division offices confirmed that the check handling procedures were uniformly applied.

12. I participated in the telephone call with Ms. Hue, confirming that she was terminated. During this call, Ms. Hue stated that Ms. Obenshain was instructing her to violate NCO's check handling policies and that Ms. Hue knew she was wrong when she did violate the policies.

Cherie A. Sugg

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS 3rd DAY OF
APRIL, 2006.

NOTARY- MY NOTARY IS UNTIL:_____

TRACEY A. NIES
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 1/29/07

B-242

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALERIE HUE, | ) |
| | ) |
| Plaintiff, | )    Civil Action No. 05-225-KAJ |
| | ) |
| v. | ) |
| NCO FINANCIAL SYSTEMS, INC., a | ) |
| Delaware corporation, trading as NCO | ) |
| FINANCIAL COMMERCIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

STATE OF DELAWARE  )
                  ) SS:     **AFFIDAVIT OF VALERIE D. HUE**
COUNTY OF KENT     )

I, Valerie Hue, declare under penalty of perjury under the laws of the State of Delaware that the following is true.

1.    I am the plaintiff in the above captioned litigation.

2.    The statements herein are made on my personal knowledge.

3.    During some of the period when I worked for the defendant, NCO Financial Systems, Inc. (NCO), Bill Savage and Ted Fox worked together in the same NCO office where I worked, namely the office located in Dover, Delaware. During that time, Mr. Savage was the manager of the office.

4.    I observed the personal relationship between Mr. Fox and Mr. Savage, both at the office and, on one occasion, at a dinner in Dover or Rehoboth Beach, Delaware. Mr. Fox and Mr. Savage had a very friendly relationship.

5.    Mr. Fox and Mr. Savage frequently went to lunch together.

B-242A

6.    I heard Mr. Savage say more than once (I don't recall how many times) words to the effect that Mr. Fox was on a "fast track" and that he (Mr. Savage) was responsible for helping Mr. Fox make progress in the company.

7.    I did not receive any bonus from NCO as a result of the end of month revenues generated by the Dover office collectors in December, 2003.

8.    In January, 2004, the month in which my employment with NCO was terminated by NCO, I was the only general collection manager (GCM) employed by NCO who was an African-American and its only female GCM.

_____
VALERIE D. HUE

SWORN TO AND SUBSCRIBED before me this 12th day of May, A.D., 2006 as witness my Hand and Seal of Office.

_____
Notary Public

LAURA KAY BARTHELMEH
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES
JUNE 23, 2007

B-242-B