IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALERIE HUE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>NCO FINANCIAL SYSTEMS, INC., a )<br>Delaware corporation, trading as NCO )<br>FINANCIAL COMMERCIAL SERVICES, )<br>)<br>Defendant. ) | Civil Action No. 05-225-KAJ |

## PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16, Federal Rules of Civil Procedure.

**Plaintiff(s) Counsel:**
Jeremy W. Homer, Esquire
Parkowski, Guerke & Swayze, P.A.
116 West Water Street
P.O. Box 598
Dover, Delaware 19903
Delaware State Bar I.D. No.: 413
Telephone No.: (302) 678-3262
Facsimile No.: (302) 678-9415

**Defendant(s) Counsel:**
Alyssa Schwartz, Esq.
Jennifer Jauffret, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899
Telephone No.: (302) 651-7700
Facsimile No.: (302) 651-7701

David Israel, Esq.
Sessions, Fishman & Nathan, L.L.P.
3850 N. Causeway Blvd.
Lakeway Two, Suite 1240
Metairie, LA 70002
Telephone No.: (504) 828-3700
Facsimile No.: (504) 828-3737

Elizabeth Fite Blanco, Esq.
Sessions, Fishman & Nathan, L.L.P.
9009 Corporate Lake Drive, Suite 300-S
Tampa, Florida 33634
Telephone No.: (813) 890-2461
Facsimile No.: (813) 889-9757

I.  **Nature of the Case**

**Plaintiff:** This case involves claims brought pursuant to Federal and State laws which prohibit discrimination based on race or sex. The plaintiff, Ms. Valerie Hue, is an individual who resides in Ellendale, Delaware. Defendant is a corporation with several offices around the country. It operates various businesses, including debt collection services. The plaintiff was employed by defendant in its Dover, Delaware office as the debt collection manager in defendant's commercial division. Defendant fired plaintiff and contends the reason was unrelated to her race or sex. According to defendant, it fired plaintiff because she allegedly violated certain check handling policies. Plaintiff contends she didn't violate the policies, and was really fired because she complained about racial and sexual harassment. She also contends defendant fired her but didn't fire white males who followed the same practices she did or who actually did violate the policies. The plaintiff and defendant agree the jury in this case will need to determine the actual reason plaintiff was fired.

Defendant also contends it was compelled to fire an employee because he violated check handling policies allegedly as directed by plaintiff. Defendant seeks compensation from plaintiff because the fired employee allegedly had value to defendant.

**Defendant:** This case arises from Valerie Hue's allegations that her former employer, NCO Financial Systems, Inc., discriminated against her because she is African American and female by terminating her employment in January 2004. NCO is a debt collection company. NCO's Dover, Delaware commercial office focused on collecting business-to-business debts. Ms. Hue was the General Collection Manager in the Dover office. As

2

the General Collection Manager, Ms. Hue was the most senior collection manager in her office and supervised about 25 employees.

NCO reports that Ms. Hue's employment was terminated not because of her race or gender, but because she improperly instructed her managers and employees to violate NCO's mandatory policies on how non-sufficient fund checks, also known as bounced checks, were to be handled.

After Ms. Hue filed her suit, NCO filed a counter lawsuit against Ms. Hue complaining that she breached her most basic management responsibilities and her duty of loyalty to NCO by intentionally violating NCO's check handling policy. NCO maintains that Ms. Hue committed these wrongful acts to increase her bonuses and to make herself look good in front of her bosses.

NCO informed Ms. Hue at the time of her termination that she was being terminated for committing fraud by improperly instructing employees to violate NCO's policy on the handling of bounced checks. The same month that Ms. Hue was terminated, NCO demoted a white, male collection manager, Eric Shaw, for violating NCO's check handling policy. NCO maintains that Mr. Shaw was following Ms. Hue's improper instructions. Also that same month, Ms. Hue was involved in terminating a white, male collector, Matt Lane, for violating NCO's check handling policy. NCO likewise maintains that Mr. Lane was following Ms. Hue's improper instructions. NCO's counter lawsuit against Ms. Hue seeks to hold Ms. Hue financially responsible for her wrongdoing that resulted in the termination of Mr. Lane. Both Mr. Shaw and Mr. Lane reported directly to Ms. Hue.

It is Ms. Hue's position that she never instructed her managers and employees to do anything wrong or to violate NCO's check handling policy. NCO has the opposite position.

Through a corporate audit, improper check handling practices in Dover were identified. NCO maintains that the initial audit results were given to Kathy Obenshain, Ms. Hue's boss. Ms. Obenshain confirmed with multiple employees and managers Ms. Hue's wrongful conduct. Ted Fox, then the Commercial Division Senior Vice President, also had some involvement in the investigation in that Mr. Fox, like Ms. Obenshain, confirmed employee reports that Ms. Hue was telling them to violate company check handling policies.

Ms. Hue also claims that NCO, and Ted Fox in particular, retaliated against her by terminating her employment. In October 2001, over 2 years prior to her termination, Ms. Hue provided a written statement to senior management, including Ted Fox. The statement reported the racial and sexual comments made by her former manager, Mr. Bill Savage. Ms. Hue alleges that Ted Fox, some 3 years later, retaliated against her because Mr. Fox and Mr. Savage were friends and that Mr. Fox held some form of a grudge against Ms. Hue for providing this statement. NCO denies any connection between the providing of the statement and Ms. Hue's discharge. NCO maintains that there was no friendship between Mr. Fox and Mr. Savage, and that the statement given by Ms. Hue was provided days after Mr. Savage had already been fired.

**II.    Jurisdiction**

**Plaintiff:**     A.     This is an action for monetary damages and injunctive relief.

4

    B. The jurisdiction of the Court is not disputed. The basis of jurisdiction is 42 U.S.C. §1981 and 42 U.S.C. 2000e-5.

**Defendant:** A. NCO's counterclaim seeks monetary damages under the common law for Ms. Hue's intentional violation of its check handling policy, which resulted in NCO terminating a profitable large balance collector who had followed Ms. Hue's wrongful instructions.

    B. The jurisdiction of the Court is not disputed. Federal Question jurisdiction exists by virtue of Ms. Hue's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-5. The counterclaim is properly before the Court based upon the Court's supplemental jurisdiction, Fed. R. Civ. P. 13, because NCO's counterclaim arises from the same nucleus of facts as Hue's claims.

### III. Uncontroverted Facts

**Plaintiff:** 1. Defendant is a Delaware corporation and at all relevant times employed more than 15 employees. The EEOC issued a Notice-of-Right-to-Sue letter and this suit was timely filed.

**Defendant:** **[Plaintiff does not agree with the following statement of facts]:**

  1. Plaintiff filed suit against NCO for allegedly discriminating and retaliating against her on the basis of her race (African American) and gender (female) when it terminated her employment with NCO. At the time of her termination, NCO informed plaintiff that she was terminated for fraud by instructing employees to violate NCO's policies. Plaintiff seeks damages and declaratory relief under 42 U.S.C. §1981 of the Civil Rights Act of 1866, as amended, and Title VII of the Civil Rights of 1964, as amended. .

5

2. Plaintiff, Valerie Hue, is a resident of Ellendale, Sussex County, Delaware 19941. Defendant, NCO Financial Systems, is a Pennsylvania Corporation. NCO employs more than 15 employees.

3. On February 3, 2004, plaintiff filed charges with the Department of Labor of the State of Delaware, Division of Industrial Affairs, Milford, Delaware. Plaintiff also filed charges with the United States Equal Employment Opportunity Commission.

4. Plaintiff filed suit against NCO on April 15, 2004 for allegedly discriminating against her on the basis of race and gender, and retaliating against her for a written statement that plaintiff provided to NCO in October 2001.

5. During January 2004, the same month that plaintiff was terminated, NCO, by and through Ms. Hue, terminated Large Balance Collector, Matthew Lane (wh/m). During that same month, NCO demoted Mid-Balance Collection Manager, Eric Shaw (wh/m), for violating NCO's check handling policy. Mr. Lane and Mr. Shaw both reported to plaintiff.

6. Plaintiff's lawsuit against NCO alleges a retaliation claim. On October 11, 2001, NCO terminated William "Bill" Savage after Ric Boudreau reported Mr. Savage's behavior to Phil Weaver and Ted Fox. After Mr. Savage's termination, plaintiff provided a written statement to NCO on October 15, 2001 regarding Mr. Savage's inappropriate behavior.

IV. **Agreed to Issues of Law**

The parties agree that the following are the issues to be decided by the Court:

**Plaintiff:**     Motions in limine (below).

Jury Instructions to be submitted, including an instruction regarding defendants' failure to retain relevant records.

**Defendant:** Whether NCO retaliated against plaintiff when she was terminated.

Whether NCO discriminated against plaintiff based upon her race and sex when she was terminated.

Whether plaintiff violated her fiduciary duty and duty of loyalty to NCO, causing NCO damages, by improperly instructing Mathew Lane to violate NCO's policies, ultimately causing Mr. Lane to be discharged.

**V.    Witnesses (Please note those who will testify by deposition.)**

    A.    List of witnesses the plaintiff expects to call, including experts:

        1.    Expert witnesses. None.

        2.    Non-expert witnesses. All witnesses who gave depositions. In some cases, the testimony will be by deposition depending on who attends trial. Plaintiff plans to have deposition testimony read by persons not connected with the case.

        3.    Plaintiff objects to testimony of Jesse Montero Johnson. It also objects to the testimony of Mark Lefevre unless he is deposed in advance of trial.

    B.    List of witnesses defendant expects to call, including experts:

        1.    Expert witnesses. None.

        2.    Non-expert witnesses.

            Jennifer Birdsong
            Richard Boudreau
            Manny Cardoza
            Lenny Ciccarone
            Darrin Deesch
            Ted Fox
            Jesse Montero Johnson
            Brian Laiche

      Matthew Lane
      Mark Lefevre
      Kim Marlow
      David McQuisten (probably by deposition)
      Kathleen Obenshain (probably by deposition)
      Brad Reavis
      Kenneth Rose
      Dina Sha'altiel
      Eric Shaw
      Jim Sprader
      Cherie Sugg
      Phil Weaver (probably by deposition)

  C. Rebuttal Witnesses. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VI. Exhibits

**Plaintiff:** The list is attached as Exhibit A.

**Defendant:** The list is attached as Exhibit B. The list, which includes nearly 100 exhibits, was provided to plaintiff on the afternoon of July 17, 2006, the date the pretrial order was due and filed. Plaintiff will file her objections, if any, after there is an opportunity to fully review them and identify the objections.

## VII. Damages

  An itemized statement of all damages, including special damages.

**Plaintiff:** Lost past pay, front pay, benefits, compensation for emotional injury, pre-judgment and post-judgment interest, punitive damages, attorneys fees. Damages exceed one million dollars.

**Defendant:** NCO seeks damages incurred as a result of the loss of employee Matthew Lane, who was a large balance collector. Such damages include the loss of gross profit to NCO for the expected period of time that Mr. Lane would have stayed employed by NCO

and all costs relating to the threatened litigation with NCO, including NCO's settlement payment of $6,000 to Mr. Lane.

**VIII.    Bifurcated Trial**

Indicate whether the parties desire a bifurcated trial, and, if so, why.

**Plaintiff:**    No.

**Defendant:**    No.

**IX.    Trial Briefs**

**Plaintiff:**    Plaintiff's in limine requests follow:

    1.    Plaintiff requests and defendant agrees there be no reference to, testimony about or documents introduced regarding the findings of the Delaware Department of Labor or the Equal Employment Opportunity Commission regarding plaintiff's Charge of Discrimination. Provided, however, it is agreed the Charge of Discrimination may be introduced into evidence, as well as testimony regarding it.

    2.    Plaintiff requests there be no reference to, testimony about or documents introduced which refer in any way to plaintiff's avocation as a "belly dancer," or sex toys. Documents which use the term, "belly dancer," such as the January 22, 2004 e-mail from plaintiff, shall redact the reference to "bellydancer." The basis for the request is the jury may be prejudiced by learning plaintiff engages in belly dancing, in part because they do not understand that such activity is not in any way immoral or otherwise unacceptable. The fact that plaintiff engages in such avocation is not relevant to the case, and even if it were relevant, the prejudicial nature of the information outweighs the probative value it may have.

    Defendant argues belly dancing and sex toys are "relevant because plaintiff raises hostile sex work environment issues. The argument is meritless because (1) plaintiff's claims are based on retaliation and disparate treatment, not hostile work environment; (2) any reference to belly dancing or sex toys has no probative value; and (3) even if such reference had probative value it would be unduly prejudicial because some jurors may improperly conclude that plaintiff has engaged in reprehensible conduct.

**Defendant's Response:**    Answering plaintiff's Motion in Limine, NCO requests that that it be permitted to introduce the fact that plaintiff engaged in belly dancing in the NCO office environment and at NCO office events. NCO also requests that it be permitted to introduce the fact that plaintiff showed and joked with coworkers about sex toys that were received from an NCO client. Such evidence is relevant because plaintiff raises hostile sex work environment issues.

      3.    Plaintiff requests there be no reference to, testimony about or documents introduced related in any way to any wrongdoing unrelated to check handling procedures by plaintiff prior to December, 2003. Although the file reflects plaintiff was disciplined for a minor infraction at least a few years prior to the termination of her employment, it was in no way related to the alleged reason for her discharge. The individual who made the discharge decision, Ted Fox, testified the reason she was fired had only to do with the December, 2003 audit. To the extent that such audit or witness statements related to the audit cover the subject matter of the audit, plaintiff has no objection to the information being introduced. However, any other material related to pre-December 2003 discipline should be excluded because it is not relevant and may be prejudicial.

      Defendant argues that "it be permitted to offer the 9/23/02 Job Discussion Summary issued to plaintiff when she was a general collections manager. This JDS form helps answer plaintiff's assertion that she never violated any policies as an NCO manager." However, plaintiff has not testified she never violated any policies as an NCO manager. She testified she didn't violate policies regarding the submission of NSF checks. The 9/23/02 JDS is related to plaintiff's alleged failure to use progressive discipline with subordinates. It is irrelevant to the case.

**Defendant's Response:**    In answer to plaintiff's Motion in Limine, NCO requests that it be permitted to offer the 9/23/02 Job Discussion Summary issued to plaintiff when she was a general collections manager. This JDS form helps answer plaintiff's assertion that she never violated any policies as an NCO manager.

**Defendant:**   Defendant's in limine requests follow:

      1.    NCO requests that there be no reference to, testimony about, or documents introduced relating to the missing box of documents from the Dover, Delaware office. Plaintiff's attempt to prejudice the jury with an instruction that there was an intentional destruction documents is unfair. First, NCO had no legal requirement that it keep such documents. This was not a circumstance that these documents were somehow known to NCO to be potential evidence in a case. Second, regardless that NCO has no legal obligation, NCO's retention policy is to keep all documents such as the lost documents. NCO personnel moved the lost documents 2 times, first to the new office location in Dover, Delaware and second to the new office location in Baltimore Maryland. The undisputed evidence shows that the documents are most likely missing because of a problem during 1 of the 2 moves, and not because of any impropriety by NCO.

**Plaintiff's response to Defendant's in limine requests:**

      1.    Plaintiff opposes defendant's motion to exclude evidence related to "the missing box of documents." Although the motion doesn't identify much of the factual basis for the motion (e.g., it doesn't even identify what documents the motion addresses), plaintiff presumes the documents relate to ones which would have shown plaintiff followed certain practices related to the re-depositing of non-sufficient check funds. The documents would have shown plaintiff followed pertinent policies. They are important,

and plaintiff will provide legal authority for a jury instruction related to defendant's failure to retain the records.

X. **Limitations, Reservations and Other Matters**

    A. **Length of Trial.** The probable length of trial is __5__ days. The case will be listed on the trial calendar to be tried when reached.

Mark appropriate box:    Jury    ____X____

                           Non-jury   _____

    B. **Number of Jurors**. There shall be six jurors and __2__ alternate jurors.

    C. **Jury Voir Dire.** The Court will conduct voir dire. If voir dire questions are to be tendered, they should be submitted with the final pretrial order.

**Plaintiff:**    Plaintiff's voir dire questions:

    1. Have you ever worked in a management capacity for any employer with more than 15 employees?

    2. Have you ever worked in the personnel department, sometimes referred to as Human Resources Department, for any employer.

**Defendant:**    NCO's voir dire questions:

    1. Have you ever been discriminated at work on the basis of race, age, religion, color, sex or race?

**[Plaintiff objects. The question selects for people who may be desensitized to discrimination or otherwise believe discrimination in the workplace is unlikely.]**

    2. Have you ever been contacted by NCO regarding a debt? Is yes, did you have any problems with NCO?

    3. Do you believe that a manager who has been dishonest should reimburse her employer if the manger has caused her employer to lose money?

11

**[Plaintiff objects. The question suggests plaintiff was guilty of something which has to be proven at trial. A similar question would be - "Do you believe an employer who fires someone because of his race should pay damages to the employer?"]**

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE


APPROVED AS TO FORM AND SUBSTANCE:

PARKOWSKI, GUERKE & SWAYZE, P.A.

By:   /s/ Jeremy W. Homer
      JEREMY W. HOMER, ESQUIRE
      Delaware State Bar I.D. No.: 413
      116 W. Water Street
      P.O. Box 598
      Dover, DE  19903
      Telephone No.: (302) 678-3262
      Facsimile No.: (302) 678-9415
      Attorneys for Plaintiff

RICHARD, LAYTON & FINGER, P.A.

By:   /s/ Jennifer C. Jauffret
      Jennifer C. Jauffret, Esquire
      Alyssa M. Schwartz, Esquire
      One Rodney Square
      P.O. Box 551
      Wilmington, DE  19899
      Telephone No.: (302) 651-7700
      Facsimile No.: (302) 651-7701
      Attorneys for Defendant

SESSIONS, FISHMAN & NATHAN L.L.P.

By:   /s/ Elizabeth Fite Blanco
      Elizabeth Fite Blanco, Esquire
      9009 Corporate Lake Drive, Suite 300-S
      Tampa, Florida 33634
      Telephone No.: (813) 890-2461
      Facsimile No.: (813) 889-9757
      Attorneys for Defendant

SESSIONS, FISHMAN & NATHAN L.L.P.

By:   /s/ David Israel
      David Israel, Esquire
      Mayas D. Erickson Esquire
      3850 North Causeway Boulevard
      Lakeway Two, Suite 1240
      Metairie, LA 70002-1752
      Telephone No.: (504) 828-3700
      Facsimile No.: (504) 828-3737
      Attorneys for Defendant

NOTE: Where a third-party defendant is joined pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the pretrial order may be suitably modified. The initial page may be modified to reflect the joinder. List attorney's name, address, and telephone number.