# EXHIBIT A

## PLAINTIFF'S PRELIMINARY LIST OF EXHIBITS

1. Plaintiff tax statements, years 2002-2005.

   **Defendant:   No objection.**

2. Documents re plaintiff benefits (attached):
   Summary of benefits – Richard J. Willemin
   Milliken & Michels 401K Plan enrollment form and related forms (3 pages)
   SPD acknowledgement form
   2003 NCO benefit selection form
   12-18-03 Stock Option Grant

   **Defendant:   Objection- relevance, lack of foundation.**

3. Termination form for Michel Deppe (defendant Bates Stamp 001613).

   **Defendant:   No objection.**

4. Lane settlement document (defendant Bates Stamp 000034 et seq.).

   **Defendant:   No objection.**

5. Transcript of tape re Lane check fraud (defendant Bates Stamp 000058 et seq.).

   **Defendant:   No objection.**

6. Documents re Lane termination (defendant Bates Stamp 000054-57).

   **Defendant:   No objection.**

7. Memo from plaintiff to Obenshain with January EOM projection (2 pages, attached).

   **Defendant:   No objection.**

8. Decision re Unemployment Insurance Claim (defendant Bates Stamp 000207 et seq.).

   **Defendant:   Objection – relevance; prejudicial; lack of foundation; improper use of irrelevant hearing transcript.**

9. 1-5-04 plaintiff memo to Eric Shaw (attached).

1

   **Defendant: No Objection.**

10. Plaintiff medical records (Bates Stamped 000196-202 and the records transmitted by Jeremy W. Homer 1-25-06 letter).

   **Defendant: Objection- relevance, lack of foundation, prejudice, hearsay.**

11. Defendant's financial statements (Bates Stamp 001704, 001705) including NCO Group's 2005 Annual Report, 2006 Quarterly Earnings statement, and the defendant's financial statement for year 2005 (to be provided by defendant).

   **Defendant: Objection- relevance.**

12. The Fact Sheets at Bates Stamp numbers 000944-001335.

   **Defendant: Objection- relevance; prejudicial; foundation.**

13. The Complaint and Answer, as amended.

   **Defendant: No Objection.**

14. All written discovery responses provided by defendant, including attorney correspondence with the attachments.

   **Defendant: The above description is too vague for NCO to determine whether or not it objects to the potential exhibits.**

15. The deposition transcripts of Cherie Sugg, Mark Lane, Ted Fox, and Kathy Obenshain.

   **Defendant: No Objection.**

16. The documents in plaintiff's appendix to its answer to the motion for summary judgment, except the document beginning at B-145.

   **Defendant: The above description is too vague for NCO to determine whether or not it objects to the potential exhibits.**

17. Hue deposition exhibit 15, Obenshain deposition exhibits 13 and 14, and Loft deposition exhibit 11.

   **Defendant: NCO does not object to Hue deposition exhibit 15 or Obenshain deposition exhibits 13 and 14, but it does object to the use of Fact Sheets contained in Loft deposition exhibit 11 (see objection to 12 above).**

18. Plaintiff reserves the right to utilize documents identified by defendants which are not barred by court order.

   **Defendant:  No Objection.**

19. Plaintiff reserves the right to utilize demonstrative exhibits not to be introduced into evidence, such as but not limited to an exhibit which explains the jargon employed in the debt collection business.

   **Defendant:  The above description is too vague for NCO to determine whether or not it objects to the potential exhibits.**

20. Plaintiff reserves the right to use other exhibits for purposes of cross examination.

   **Defendant:  The above description is too vague for NCO to determine whether or not it objects to the potential exhibits.**

h\hue\Proposed Final Pretrial Order C