IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALERIE HUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-225-KAJ |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., a ) | |
| Delaware corporation, trading as NCO ) | |
| FINANCIAL COMMERCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

### I.    INTRODUCTION

Presently before me is a Motion for Summary Judgment (Docket Item ["D.I."] 78; the "Motion") filed by defendant NCO Financial Systems, Inc. ("NCO"). The complaint, filed by plaintiff Valerie Hue ("Hue"), alleges that NCO discriminated against her on the basis of her race and sex, in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). (D.I. 1 at ¶¶ 1, 12.) Jurisdiction is appropriate under 28 U.S.C. § 1331. For the reasons that follow, the Motion will be denied.

### II.    DISCUSSION

Summary Judgment shall be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, there are genuine issues of material fact at least as to a personal friendship between Theodore Fox ("Fox") and

William Savage ("Savage") that allegedly affected Fox's treatment of Hue. There are also such issues as to the actions of Hue and other NCO employees with respect to NCO's policy on redepositing ("re-dipping") checks that were returned to NCO for non-sufficient funds ("NSF checks").

First, there are issues of fact as to whether Hue's superior, Fox, had a personal friendship with Savage and how that relationship affected Fox's treatment of Hue. Hue and two other employees each submitted a written statement charging Savage with racial and sexual discrimination in October of 2001 (D.I. 80, Ex. K at 00191), and Savage was terminated for his behavior that same month (D.I. 83 at B-166). Hue alleges that Fox had a personal friendship with Savage, and that she was fired in retaliation for the statement she submitted. (D.I. 1 at ¶¶ 21-28.) Although Fox alleges that he did not consider Savage a friend, he also testified that "I can't recall if I ever did golf with him one time. I know he invited me on several occasions." (D.I. 84 at B-261.) Fox also testified that he had dinner with Savage on at least on occasion. (*Id.*) Additionally, Hue testified that Fox and Savage had a "very friendly relationship," that she had dinner with both Fox and Savage on one occasion, and that Fox and Savage "frequently went to lunch together." (D.I. 83 at B-242A.) Thus, there are genuine issues of fact as to whether Fox and Savage were friends, and whether that friendship motivated Hue's discharge.

Furthermore, there are genuine issues of material fact as to NCO's policy on re-dipping NSF checks, whether Hue was instructed to violate any such policy, and whether Hue instructed her subordinates to violate any such policy. NCO alleges that it was its policy not to re-dip NSF checks without first obtaining verification that funds

were available. (D.I. 79 at 12, citing testimony of three NCO employees). However, NCO's re-dipping policy "does not contain the specific procedure that collectors are expected to follow to obtain debtor authorization and attempt to obtain bank verification that funds are available." (D.I. 83 at B-221.)

Hue testified that Kathy Obenshain, Hue's boss, instructed her "to redeposit checks without verification of funds" and that "[s]he would say, go through and see what you can get on the system". (D.I. 84 at B-293). Furthermore, Hue testified that Obenshain would sometimes say "let's see if it sticks, go ahead and deposit it. There is a good history on it, feels good[,]" and that Hue understood this instruction to be in compliance with NCO policy. (*Id.* at B-287-88). Another witness testified that she overheard Obenshain tell Hue to "get them all on" (*id.* at B-344), a sufficiently ambiguous instruction that a jury could conclude it was meant to authorize re-dipping. Finally, several NCO employees who worked for Hue testified that Hue never instructed them to do anything they considered to be a violation of NCO policy. (*See* David McQuisten Deposition, D.I. 84 at B-356 ("Was there anything she asked me to do that I considered to be a violation of the policy? No."); Deposition of Kenneth Rose; D.I. 84 at B-421 (Q: Has Valerie Hue ever directed you to violate a policy of NCO?; A: No; Q: That would include the policy that deals with check handling policies, I assume.; A: Yes.).) Therefore, there are genuine issues of material fact as to the specifics of NCO's re-dipping policy, as to what Obenshain instructed Hue to do, and as to whether Hue instructed her employees to violate any policy. Consequently, summary judgment is inappropriate.

III.    **CONCLUSION**

Accordingly, for the foregoing reasons, the Motion (D.I. 78) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

July 24, 2006
Wilmington, Delaware